■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RANDOLPH ODOM, Appellant, v. CHARLES CYRTA, as Warden of Suffolk County Jail, Respondent.— Judgment of the County Court, Suffolk County, dated January 22, 1970, affirmed, without costs. (People ex rel. Cruz v. Deegan, 30 A D 2d 976, mot. for lv. to app. den. 23 N Y 2d 805.) Christ, P. J., Rabin, Munder, Latham and Kleinfeld, JJ., concur.

■ FRANCIS W. REILLY et al., Appellants, v. TOWN OF BROOKHAVEN et al., Respondents, et al., Defendants.— In a taxpayers' action to declare null and void a certain franchise agreement and an amendment thereof, which were entered into between defendants Town of Brookhaven and Emjay Properties, Inc., plaintiffs appeal (1) from a judgment of the Supreme Court, Suffolk County, entered July 18, 1969 and amended by an order of said court entered October 9, 1969; (2) from the order of said court, entered June 6, 1969, which judgment and order provide (a) that the motions of defendants Town of Brookhaven and Tinker National Bank to dismiss the complaint on the ground of a defense based on documentary evidence (CPLR 3211, subd. [a], par. 1) are granted; (b) that the motion of defendants Emjay Properties, Inc., and Emjay Properties (a partnership) to require plaintiffs to make their complaint more definite and certain and to strike certain matter therefrom (CPLR 3024, subds. [a], [b]) is denied as academic in view of said provision dismissing the complaint; and (c) that plaintiffs' cross motion for summary judgment is denied; and (3) from stated parts of the order of said court entered October 9, 1969 which amended the judgment. Order entered October 9, 1969 affirmed insofar as appealed from, without costs. No opinion. Judgment reversed, on the law and the facts, without costs. Order entered June 6, 1969 modified, on the law and the facts, by striking therefrom all the decretal paragraphs except the one which denied plaintiffs' cross motion and by substituting for said paragraphs a provision that said motions by said defendants are denied. As so modified, order affirmed, without costs. Respondents' time to answer the complaint is extended until 20 days after service of the order hereon with notice of entry. In our opinion, the complaint, inter alia, states a cause of action challenging the legality of a contract under which a public building was constructed allegedly in violation of the requirements for public bidding under section 103 of the General Municipal Law. Plaintiffs as taxpayers have standing to bring this action (General Municipal Law, § 51; Gerzof v. Sweeney, 16 N Y 2d 206). There are factual issues not disposed of as a matter of law by the documentary evidence submitted. Disposition of these issues will require a trial. We find the motion of defendants Emjay Properties, Inc., and Emjay Properties (a partnership) to be without merit. The complaint advises defendants of the nature of the action and the relief sought. It does not contain any scandalous or prejudical matter. Christ, P. J., Rabin, Hopkins, Martuscello and Brennan, JJ., concur.