■ TOWN OF UNION, Respondent, v J & M PALLET CO., INC., Defendant, and CHESTER SOCHA et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 25, 1975 in Broome County, upon a decision of the court at a Trial Term, without a jury. This appeal is from a judgment granting the plaintiff town a permanent injunction restraining defendants from using certain real property for industrial purposes. The defendants Socha claim that the trial court erred in the following respects: (1) in finding that the subject parcel was not, in fact, rezoned by action of the plaintiff's town board on August 2, 1961; (2) in finding that a decision rendered in an article 78 proceeding, brought by the defendants as plaintiffs against the town, prior to the commencement of this action was *res judicata* or collateral estoppel as to certain defenses raised in the instant action; (3) in finding that the subject zoning ordinance was valid; and (4) in failing to find that the plaintiff town was estopped to deny that the property in question was zoned "industrial" as opposed to "agricultur-

al". The defendants Socha were for many years the owners of the parcel of land in question, designated 3-B13-02-S1 on the Broome County tax map, and two adjacent parcels. On June 7, 1961, they applied to the Town Board of the Town of Union for a rezoning of "the aforementioned (Property) (Properties) from *Agricultural* to *Industrial*". As found by the trial court, it was unclear from the application which property or properties were the subject of the application. On August 2, 1961, the town board, pursuant to the planning board's recommendation, enacted an ordinance rezoning from agricultural to industrial the two adjacent parcels, plus parcel "#3-B13-02". Although the latter designation contains the same first six characters as the subject parcel, it differs in omitting the suffix "S1" and identifies a completely distinct property owned by one Cackowski. The Sochas assert that the error was not noted for many years and that upon its discovery they promptly submitted a new application to rezone Parcel No. 3-B13-02-S1. This second application was denied. By petition dated October 3, 1973 the Sochas commenced an article 78 proceeding to require the town board and town clerk to perform the "ministerial" duty of correcting the town records to show parcel No. 3-B13-02-S1 as zoned industrial to give effect to the alleged intent of the August 2, 1961 ordinance. In denying this application, Mr. Justice Terry held that by granting the relief sought "the Court would be rezoning the subject parcel without observing the requirements of Sections 264 and 265 of the Town Law". No appeal was taken from the judgment in the article 78 proceeding. In the instant case, the Sochas asserted as defenses that the August 2, 1961 resolution did, in fact, rezone "all of the property owned by defendants from 'agricultural' to 'industrial' " and that it was the plaintiff's clear intention to thus rezone the subject parcel and that the failure to do so was a mistake. Mr. Justice Terry found jurisdiction over the parties and subject matter of the article 78 proceeding and, in concluding that to direct a correction of the alleged error by way of mandamus would not be requiring the performance of a ministerial act only, necessarily decided that the property in question was not effectively rezoned as claimed by defendants, that it was not the intent of the August 2, 1961 resolution to rezone the subject parcel and that the failure to so rezone was not a mere mistake which could be rectified by a nondiscretionary act. As such, the trial court correctly concluded that these defenses which defendants sought to assert herein were barred by *res judicata (Pray v Hegeman,* 98 NY 351; see, also, *Statter v Statter,* 2 NY2d 668). The Sochas also attack the validity of the entire 1947 zoning ordinance, under which the subject parcel was placed in an agricultural district, on the ground of procedural irregularities in its adoption. The primary complaint on this point was the appointment of two town board members and the town engineer to the five-member zoning commission established under section 266 of the Town Law to recommend boundaries and appropriate regulations for incorporation into the ordinance (see *Macrum v Hawkins,* 261 NY 193). We agree with the trial court that possible defects in such appointments, in view of the fact that the statute does not prescribe the number of members and in view of the fact that the vote of the remaining members of the commission was unanimous, leads to the conclusion that defendants have failed to overcome the burden of proof placed upon those claiming irregularity *(People v Richetti,* 302 NY 290), or to rebut the presumption that public officers have performed the duties imposed upon them by law *(Matter of Driscoll v Troy Housing Auth.,* 6 NY2d 513, mot for rearg den 7 NY2d 755). As the trial court further pointed out, application of the presumption of regularity is particularly appropriate in view of the operation of the subject

ordinance and the establishment of rights and liabilities thereunder for some 28 years. The final argument made by the defendants Socha is that the plaintiff town should be estopped by its own conduct from denying that the subject property is zoned "industrial" as opposed to "agricultural". Even assuming that after August 2, 1961 the tax bills sent to the Sochas' designated parcel "3-B13-02-S1" as "industrial", in the case of governmental as opposed to merely proprietary acts, a municipality cannot be estopped by the unauthorized or wrongful acts of its employees (21 NY Jur., Estoppel, § 81). The rule is well settled that neither laches nor estoppel may prevent a municipality from enforcing its zoning laws *(City of Yonkers v Rentways,* 304 NY 499). Judgment affirmed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.