■ LAKE PLACID VILLAGE, INC., by the Village Board of Trustees, Appellant, v LAKE PLACID MAIN STREET CORPORATION, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Quinn, J.), entered April 29, 1981 in Essex County, which, *inter alia,* granted defendant's cross motion to dismiss the complaint, and (2) from the judgment entered thereon. Plaintiff Lake Placid Village, Inc., seeks to compel defendant Lake Placid Main Street Corporation to remove a sign structure, located on defendant's premises abutting Main Street, also known as State Route 86, in the Village of Lake Placid. It is alleged that the sign structure, erected in 1956, violates the village's sign ordinance which prescribes that signs be set back at least four feet from the "travelled portion of any public street or highway or four (4) feet from the edge of a New York State right of way, if one shall exist, whichever distance is greater". The sign ordinance, enacted in 1960 with an initial set-back requirement of 10 feet, required alteration or removal of offending signs by January 1, 1964. A 1966 amendment reduced the set-back requirement to four feet. In 1980, the village requested that defendant remove the sign and when the latter neglected to do so, this suit for injunctive relief followed. Defendant, responding to the village's motion for a preliminary injunction, cross-moved to dismiss the complaint for failure to state a cause of action and because a defense founded upon documentary evidence existed. It also urged that the village was barred from acting by laches and that the ordinance was unconstitutionally vague. In support of its cross motion, defendant furnished a surveyor's map exhibiting the sign structure to be more than four feet from the "travelled portion" of the road. To demonstrate that there was no recorded State right of way over Main Street, defendant also offered affidavits to that effect by the Essex County Clerk and the Assistant Resident Engineer of the State Department of Transportation. A motion to dismiss, pursuant to CPLR 3211 (subd [a], par 7), cannot succeed unless the movant conclusively establishes that the opposing party has no cause of action (*Rovello v Orofino Realty Co.,* 40 NY2d 633), or clearly demonstrates that "no significant dispute exists" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275). The surveyor's map, commissioned by defendant for the purposes of this litigation, represents but one person's opinion concerning the boundaries of the "travelled portion" of Main Street. As for the affidavits indicating that no *recorded* State right of way exists, they too are not determinative for a roadway may become a public highway by prescription, or use, without the filing of a recorded instrument (Highway Law, § 189; Village Law, § 6-626). Indeed, it is plaintiff's contention

that the State "inherited" the village's right of way by prescription over Main Street when subdivision 15 of section 341 of the Highway Law transformed Main Street into a State highway. While the court's refusal to grant the village's request for a 10-day continuance to allow it to furnish documents to uphold its position did not constitute an abuse of discretion, we believe such maps and documents will be helpful not only in determining the fact of whether a prescriptive right of way exists, but also the width thereof (*Nikiel v City of Buffalo*, 7 Misc 2d 667, 670). The village's assertion based upon prescription is weighty enough to withstand a motion to dismiss. Defendant's other arguments are equally unpersuasive. A defense based upon documentary evidence (CPLR 3211, subd [a], par 1) is not dispositive unless the documents submitted resolve all of the factual issues as a matter of law (*Reilly v Town of Brookhaven*, 34 AD2d 1001). Here, there are substantial factual questions with respect to the possibility of a prescriptive right of way in the State, the width of that way, and the contour of the "travelled portion" of Main Street. Nor is there sufficient proof in the record to sustain defendant's charge that the phrase "travelled portion of any public street or highway" is vague enough to overcome the exceedingly strong presumption of constitutionality afforded municipal ordinances (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11). But even if the record supported that premise, the factual disagreement regarding a right of way in the State would still exist by virtue of the sign ordinance's savings clause. Finally, the laches argument is unavailing, for neither laches nor estoppel may prevent a municipality from enforcing its zoning laws (*Town of Union v Pallet Co.*, 50 AD2d 628, 630). Order and judgment modified, on the law, by reversing so much thereof as granted defendant's cross motion to dismiss the complaint, and cross motion denied, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.