■ EDWARD J. DUNLEAVY, Individually and Doing Business as HARDENBURG ABSTRACT COMPANY et al., Appellant, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered December 19, 1984 in Sullivan County, which granted defendant's motion to dismiss the complaint.

Plaintiff, in his capacity as agent for defendant, obtained title insurance for Nathan covering real property in the Town of Liberty, Sullivan County. A dispute involving that property subsequently developed, resulting in the naming of Shapiro as a defendant in an action based on trespass and encroachment. When plaintiff and defendant denied that the action against Shapiro was within the parameters of the title insurance policy, Shapiro commenced a third-party action against them. When defendant refused to defend plaintiff, plaintiff retained counsel and cross-claimed for indemnification. The cross claim sought indemnification in the event that Shapiro recovered a judgment against plaintiff. It did not include a claim for counsel fees.

The parties to the original action subsequently entered into an in-court stipulation of settlement. As part of that stipulation, plaintiff agreed to deliver to defendant "a general release *limited to* the cause of action set forth in the complaint and

Third-Party complaint" (emphasis supplied). Plaintiff also agreed to discontinue its cross claim against defendant upon the merits and with prejudice. Thereafter, plaintiff was billed $15,400 for counsel fees. Plaintiff, therefore, commenced this action to recover those fees from defendant based upon their contract. Defendant responded with a motion to dismiss the complaint based on, *inter alia,* the defenses of documentary evidence, collateral estoppel and res judicata. Special Term granted the motion, holding that the in-court stipulation in the original action precluded plaintiff from now seeking counsel fees. This appeal ensued.

Special Term did not disclose in its decision which of defendant's theories it relied upon in dismissing the complaint. At the outset, we reject the defenses of res judicata and collateral estoppel. Those two theories depend upon a final determination of issues by the forum in which the proceeding took place. In this instance, it can only be assumed that the terms of the settlement became sufficiently attractive to all of the parties in the original action that they decided to forego issue determination by the court. Therefore, the only viable defense raised on defendant's motion to dismiss was whether the stipulation constituted documentary evidence which precluded a subsequent claim for counsel fees. Resolution of that issue requires interpreting the stipulation in the same manner as a contract *(Nishman v De Marco,* 76 AD2d 360, 366, *appeal dismissed* 53 NY2d 642). A focal point of the inquiry must be the objectives of the contract and the intent of the parties *(New York Bank for Sav. v Cortlandt St.,* 106 AD2d 496, 498). To be a complete defense, the documentary evidence must resolve all the factual issues as a matter of law *(Lake Placid Vil. v Lake Placid Main St. Corp.,* 90 AD2d 873, 874).

Plaintiff and defendant are in complete disagreement as to the application of the stipulation, and plaintiff has offered only extraneous proof to resolve any possible ambiguity. It appears that an issue of fact and of law exists. The stipulation must be interpreted to determine whether all claims against defendant were to be released rather than just those alleged in the cross claim of the original action. The drastic remedy of accelerated judgment should not be granted where there is any doubt as to the existence of issues or where the issue is arguable, since " 'issue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, quoting *Esteve v Avad,* 271 App Div 725, 727).

Order reversed, on the law, with costs, and motion denied. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.