GREENWOOD PACKING CORP., Appellant, v ASSOCIATED TELEPHONE DESIGN, INC., Respondent.

The plaintiff and the defendant entered into negotiations concerning the purchase from and the installation and servicing by the defendant of telephone replacement equipment. In December 1985 the defendant sent the plaintiff a proposed contract which provided, *inter alia,* that the purchase price included installation and all wiring and cabling, that one third of the purchase price was to be paid upon execution of the contract, that "[the] deposit is not refundable" and that "Acceptance is subject to contract * * * approval by the home office". The plaintiff did not agree with some of the essential terms as proposed by the defendant governing service and the cost of upgrading equipment in the future. At the suggestion of the defendant's representative, the plaintiff made handwritten changes on the defendant's proposed contract and signed

and returned it to the defendant with a check for one third the purchase price. The document, consisting of the defendant's offer, the plaintiff's counteroffer, and the plaintiff's signature, is silent as to the location of a key service box and as to the amount of cabling required. Spaces provided for "order date" and approximate "installation date" are left blank.

The record establishes that the plaintiff tendered the check for one third of the purchase price subject to full approval by the defendant of all changes on the contract made by the plaintiff. The record also establishes that shortly after receipt of the contract and check, the defendant ordered equipment and engaged a subcontractor, apparently without further communicating with the plaintiff regarding the latter's proposed changes. The defendant's subcontractor thereafter appeared at the plaintiff's premises to survey the site and lay the cable and, with the permission of the person designated as the plaintiff's "contact", proceeded to do so. A dispute arose, however, as to the location of the key service box and as to whether the plaintiff was responsible for the cost of additional cable if the service box were placed where, as the defendant claims, the plaintiff "insisted" and, as the plaintiff claims, the parties had previously agreed. That dispute was not resolved and the defendant's subcontractor left the plaintiff's premises. The plaintiff's president attested without contradiction that the parties thereafter attempted unsuccessfully to resolve their differences. The record is unclear, however, as to whether these further negotiations concerned only the cost of the additional cabling or whether the terms of the plaintiff's original counteroffer were still at issue.

Relying on the "Deposit is not refundable" clause of the document executed by the plaintiff, the defendant refused to return the plaintiff's payment. Relying on the fact that its tender of payment was conditioned on the defendant's full approval of its terms, the plaintiff asserts that defendant never accepted its counterproposal and that, therefore, no binding contract existed. By its first and second essentially interchangeable causes of action, the plaintiff seeks damages in the amount of its payment. By its third and fourth causes of action, the plaintiff seeks an amount representing attorney's fees incurred in the prosecution of this action and $150,000 in punitive damages. Finding that the document executed by the plaintiff established the existence of a binding agreement, the Supreme Court dismissed the complaint pursuant to CPLR 3211 (a) (1).

In order to prevail on a defense founded on documentary evidence, the document relied upon must definitively dispose of the plaintiff's claim *(see, Reilly v Town of Brookhaven,* 34 AD2d 1001; *cf., Lebowitz v Mingus,* 100 AD2d 816). In this case, the document executed by the plaintiff fails to conclusively demonstrate the defendant's acceptance of the plaintiff's terms. Aside from the apparently minor omission of the order and installation dates, the document remains unsigned by the defendant and nowhere on its face is "approval" by the "home office" indicated. The Supreme Court therefore erred in dismissing the complaint pursuant to CPLR 3211 (a) (1), although dismissal of the plaintiff's causes of action for attorney's fees and for punitive damages was otherwise appropriate (CPLR 3212 [b]).

"Under the general rule, attorneys' fees * * * are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5). No such authorization exists here. Moreover, and apart from the impropriety of pleading a cause of action for punitive damages *(see, Beck v General Tire & Rubber Co.,* 98 AD2d 756, *lv dismissed* 63 NY2d 603), there is nothing in the record before us which demonstrates that, in its contractually related dealings with the plaintiff, the defendant engaged in morally culpable conduct aimed at the public generally so as to justify a prayer for punitive damages *(see, Halpin v Prudential Ins. Co.,* 48 NY2d 906, *rearg denied* 49 NY2d 801; *Walker v Sheldon,* 10 NY2d 401). Our search of the record reveals, however, that issues of fact exist which preclude summary determination of the plaintiff's claim that it is entitled to the return, in full, of its conditionally tendered payment.

Because no writing is here dispositive of whether the parties intended to enter into a binding contract, the totality of the circumstances surrounding their dealings with each other must be examined *(see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 399-400; *see also, Manhattan Theatre Club v Bohemian Benevolent & Literary Assn.,* 64 NY2d 1069; *Arnold v Gramercy Co.,* 15 AD2d 762, *affd* 12 NY2d 687). The appearance of the defendant's subcontractor, after receipt of the plaintiff's counteroffer and check, at the plaintiff's premises, and its commencement of work with the knowledge and implied permission of the plaintiff's "contact", are indicative of the defendant's acceptance of the plaintiff's terms and the plaintiff's knowledge thereof. These acts are,

however, inconclusive as to whether the parties intended to enter into a binding contract *(see, Brown Bros. Elec. Contrs v Beam Constr. Corp., supra),* particularly in light of the dispute which arose on the purported "acceptance day" over the location of the key service box and the suggestion that the parties thereafter continued to negotiate the terms of the plaintiff's counteroffer *(cf., Manhattan Theatre Club v Bohemian Benevolent & Literary Assn., supra).* Whether the plaintiff is entitled to return of its payment cannot be determined as a matter of law. We therefore reinstate the only cause of action necessary as a framework for presentation of that claim at trial. Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.