OPINION OF THE COURT
Edward J. Greenfield, J.
In this action by a building owner for breach of lease, and for fraud, defendant Howard Schechter, Esq., an attorney (Schechter), and Howard Schechter, P. C., his solely owned professional corporation (P. C.), move for an order dismissing the first, third and fourth causes of action asserted against *205 Schechter individually pursuant to CPLR 3211 (a) (1), (5) and (7). The issue is whether defendant used his professional corporation as a device fraudulently to evade his rental obligations. Schechter entered into a 10-year lease for the rental of office space at 200 Madison Avenue in Manhattan at $65,320 a year. Plaintiff landlord, Glockhurst Corporation, N. V. (Glockhurst), is the present owner of the building.
Within two months after commencement of the lease Schechter formed the professional corporation, Howard Schechter, P. C., in which Schechter was the sole shareholder. Paragraph 61 of the agreement expressly permitted Schechter to assign the lease "to a professional corporation of which tenant is the principal stockholder” but it was not until June 13, 1986, three years later, that Schechter purported to assign the lease to the P. C. He then notified, by mail, one Dona Comfort (Comfort), the managing agent of the premises for Glockhurst, of the assignment. Comfort refused to sign the attached letter acknowledging its receipt.
Within two weeks, on or about June 27, 1986, Schechter vacated the premises and joined another law firm located at 477 Madison Avenue.
Thereafter, Glockhurst sent notices to Schechter demanding payment of the rent for the months of July and August 1986. Schechter refused to pay the rent and responded that pursuant to the assignment, payment of the rent demanded was an obligation of the P. C.
On or about August 15, 1988, Glockhurst was able to lease the premises to another party at a rental of $71,000 per annum, but it continued to submit to Schechter rent bills from July 1986 up to the present. In March 1988, it commenced this action against. Schechter, and his P. C.
The complaint alleges four causes of action: (1) breach of the agreement by Schechter; (2) breach of the agreement by the P. C.; (3) fraud by Schechter; and (4) declaratory judgment and mandatory injunction holding the individual and corporate defendants jointly liable for an alleged monthly deficiency in the rents it will receive for the balance of the term of the original lease.
Defendants move to dismiss the first, third and fourth causes of action as against Schechter on the ground that there is a defense founded upon documentary evidence (CPLR 3211 [a] [1]).
A defense founded upon documentary evidence is not dispos *206 itive unless the documents submitted resolve all of the factual issues as a matter of law. (Lake Placid Vil. v Lake Placid Main St. Corp., 90 AD2d 873 [3d Dept 1982]) and the proffered documentation must definitively dispose of the claim. (Demos v 325 W. End Ave. Corp., 127 AD2d 476 [1st Dept 1987].)
Plaintiff does not dispute the terms of the agreement which allows an assignment of the lease, but contends that this belated assignment was not bona fide. It alleges that Schechter merely used the professional corporation for a fraudulent purpose, thereby abusing Business Corporation Law § 1505, which provides that a shareholder of a professional corporation may not be held personally liable for an ordinary business debt of the corporation.
To support its claim, plaintiff submits a tax status report dated March 4, 1987 from the New York State Department of Taxation and Finance, indicating that the P. C. failed to file franchise tax reports and owed taxes for the period of April 30, 1984 thru April 30, 1986. Therefore, Glockhurst contends, Schechter is not entitled to immunity from personal liability under Business Corporation Law § 1505, and urges that the court pierce the corporate veil of the P. C. and hold Schechter personally liable for its contractual obligations.
The controlling factor in determining whether the corporate veil should be pierced is whether the corporation was a "dummy” for Schechter who was in reality carrying on business in his personal capacity for purely personal rather than corporate ends (Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 657 [1976]). As discussed supra, Schechter is also alleged to have assigned the agreement with plaintiff to the P. C. at a time when he knew he was vacating the premises, merely to avoid personal liability.
The court will look beyond the corporate form when necessary "to prevent fraud or to achieve equity.” (International Aircraft Trading Co. v Manufacturers Trust Co., 297 NY 285, 292 [1948].)
The fact that the P. C. never functioned until Schechter assigned his lease to it on June 13, 1986 and two weeks thereafter vacated the premises to join another law firm gives rise to an inference that the assignment was fraudulent. Schechter has not submitted any documentary evidence demonstrating that the P. C. engaged in any transactions from the time of its formation in 1983 to the time of the lease *207 assignment. Indeed, the tax status report issued by the Department of Taxation and Finance (supra), raises a factual issue of the bona fides of the creation of the P. C. and whether Schechter ever intended to carry out his law practice in a corporate form. Moreover, there is an issue of whether the assignment by Schechter, in the circumstances presented, was made in good faith.
Accordingly, that branch of the motion seeking an order pursuant to CPLR 3211 (a) (1) dismissing the first, third and fourth causes of action as against Schechter individually, based upon documentary evidence, is denied.
After the premises were vacated, Glockhurst continued to look to Schechter for payment of the rent. Defendants assert that plaintiffs conduct in renting the premises to a third party constitutes a valid surrender which terminates any liability by defendants for rent on the unexpired portion of the lease. A surrender by operation of law occurs when the parties to a lease do some act inconsistent with the subsisting relationship of landlord and tenant, indicating that they have both agreed to a surrender (Stahl Assocs. Co. v Mapes, 111 AD2d 626, 628 [1st Dept 1985]). The reletting of the premises to mitigate plaintiffs alleged damages is not in and of itself probative of its intent to accept surrender of the lease (see, Centurian Dev. v Kenford Co., 60 AD2d 96 [4th Dept 1977]). Pursuant to paragraph 26 of the agreement (supra), such an act was not an acceptance of the surrender of the premises, unless acknowledged as such by Glockhurst in a writing signed by it. Defendants have failed to show that plaintiff either explicitly or implicitly acquiesced in the surrender of the premises by defendants (Centurion Dev. v Kenford Co., supra).
While plaintiff allegedly relet the premises to another tenant at about $6,000 more per year than Schechter was paying when he left, it contends that it will suffer money damages of approximately $400 per month compared to what it would have received had defendants not breached the lease. While it has not been made clear what this contention is based on, defendants have not contested this claim on the merits.
Accordingly, defendants’ motions are denied in all respects. Defendants are directed to answer the complaint within 20 days after service of a copy of this order with notice of entry.