■ THOMAS JULIANO et al., Appellants, v DENNIS McENTEE et al., Respondents.—In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), entered November 16, 1987, which granted the motion of the defendant Dennis McEntee to dismiss the complaint as asserted against him pursuant to CPLR 3211 (a) (1) and (2) an order of the same court dated January 25, 1988, which amended the order entered November 16, 1987, to reflect that the complaint was dismissed as asserted against A.V.P. Termite and Pest Control of N.Y.C. Inc. and Peter Giuseppi.

Ordered that the order dated January 25, 1988 is reversed, and the application made by the defendants A.V.P. Termite and Pest Control of N.Y.C. Inc. and Peter Giuseppi to dismiss the complaint as asserted against them is denied; and it is further,

Ordered that the order entered November 16, 1987 is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by defendants A.V.P. Termite and Pest Control of N.Y.C. Inc. and Peter Giuseppi.

On February 8, 1986, the defendant Dennis McEntee contracted to sell the plaintiffs a parcel of real property improved with a house. The parties agreed that the plaintiffs would have 10 days in which to have the house inspected for termite infestation and to report any infestation to the seller. The seller would then have the option of removing the infestation at his expense or canceling the sale. Subsequently, the plaintiffs received a termite inspection report dated May 9, 1986 from the defendant A.V.P. Termite which was signed by the defendant Peter Giuseppi. The report stated that a visual inspection of accessible areas and a "sounding of accessible structural members" revealed no evidence of termite infestation. On July 29, 1986, the plaintiffs took title, and sometime thereafter they discovered that the house was infested with

termites. The plaintiff brought this action alleging that McEntee had committed fraud and that A.V.P. and Giuseppi had been negligent and had engaged in fraud in issuing a false report. By order entered November 16, 1987, the Supreme Court granted McEntee's motion to dismiss, and, on January 25, 1988, the court amended the order to dismiss the action as against A.V.P. and Giuseppi.

In order to prevail on a motion to dismiss based on documentary evidence, the document relied upon must definitively dispose of the plaintiff's claim (see, CPLR 3211 [a] [1]; *Greenwood Packing Corp. v Associated Tel. Design*, 140 AD2d 303, 305; *Reilly v Town of Brookhaven*, 34 AD2d 1001). In the instant case, the plaintiffs failed to have the premises inspected within the agreed-upon 10-day period. It was only if the plaintiffs notified the seller within 10 days that the house was infested with termites that the seller would then have had to choose between removing the infestation at his expense or canceling the sale. If the plaintiffs learned that the house was infested after the 10-day period but before the closing, McEntee could have compelled them to accept the house in "as is" condition. Therefore, since the plaintiffs did not discover the termites until after the closing, which was well after the 10-day period expired, they were not actually damaged by McEntee's alleged fraud, and their complaint against him was properly dismissed. The plaintiffs' reference to *Tahini Invs. v Bobrowsky* (99 AD2d 489) and similar cases is unavailing, since in the instant case the parties' agreement gave the plaintiffs the means to discover the defect if they used due diligence.

The order dated January 25, 1988, which dismissed the action as against A.V.P. and Giuseppi must be reversed. The record reveals that the plaintiffs did not receive proper notice that A.V.P. and Giuseppi were seeking to have the complaint dismissed as against them (see, 2 Carmody-Wait 2d, NY Prac § 8:36; see also, *Matter of City of New York [Every]*, 231 App Div 576, 579). Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.