■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v MURNANE ASSOCIATES, INC., Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered January 11, 1989 in Otsego County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

This action was commenced by plaintiff to recover counsel fees from defendant, a general contractor, under an indemnifi-

cation agreement existing between the parties contained in a construction contract for an addition to plaintiff's building. The clause contained in the contract's "general provisions" stated that defendant would indemnify and hold plaintiff harmless "from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of work". The underlying action giving rise to this claim stemmed from personal injuries sustained by Edward Kabana, Sr., an employee of defendant's subcontractor, who was injured at the construction site. Kabana brought suit against several defendants, including the parties herein. Immediately prior to the commencement of the trial Kabana discontinued against all defendants except plaintiff; however, defendant remained in the Kabana action due to plaintiff's cross claim against it and because of a third-party action. After several days of trial and prior to submission of the case to the jury, the action was settled with the stipulation of settlement put on the record. Thereafter, plaintiff submitted to defendant a bill for the services and disbursements of its attorneys which defendant refused to pay. Plaintiff duly paid these amounts and commenced this action for their recovery. Plaintiff moved for summary judgment, defendant cross-moved for the same relief and Supreme Court granted defendant's cross motion, holding that the stipulation in the original action precluded plaintiff from now seeking counsel fees. Plaintiff appeals.

We affirm. Plaintiff's contention, that the settlement of the cross claim for indemnification in the underlying action only concerned its liability and did not include its claim for counsel fees *(see, Dunleavy v First Am. Tit. Ins. Co.,* 117 AD2d 952), lacks merit. Plaintiff's cross claim specifically refers to the indemnification clause in question and requests recovery for *all claims* arising out of the construction project. The cross claim was settled by stipulation on the merits, with prejudice, and, although offered an opportunity to speak up at the settlement conference, plaintiff's attorney made no effort to preserve the claim for counsel fees. In addition, plaintiff's suggestion that the counsel fees could not have been before the court because such a claim would be premature is also lacking in merit *(see,* CPLR 3019 [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:14, at 226-227). Moreover, because the discontinuance was with prejudice and on the merits, it serves as a bar to plaintiff commencing a separate action for counsel fees *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:15, at 1017).

Judgment affirmed, with costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.