■ VICTORIA BIRNBAUM, Appellant, v JAY BIRNBAUM et al., Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered September 7, 1990, which, *inter alia,* granted the motion of defendants Jay Birnbaum and Ilene Flaum for summary judgment dismissing the complaint and denied plaintiff's cross-motion to dismiss the defendants' affirmative defenses, unanimously reversed insofar as appealed from, on the law and the facts without costs and disbursements, defendants' motion for summary judgment dismissing the complaint is denied, and the plaintiff's motion for summary judgment dismissing defendants' collateral estoppel and res judicata defenses and for leave to amend the complaint is granted.

Plaintiff's husband, Saul Birnbaum, now deceased, and his brother, Bernard Birnbaum, also deceased, were engaged in

various joint real estate enterprises. One such venture was a shopping center in Fox Hills, Staten Island. When Bernard Birnbaum died in 1976 his 50% interest in the Fox Hills shopping center passed to his children, defendants Jay Birnbaum and Ilene Flaum with each inheriting a 25% interest. Thereafter, Saul, who still owned 50% of the shopping center, arranged to exchange that shopping center for another in Cherry Hill, New Jersey. Soon after the acquisition of the Cherry Hill property, Saul, Jay and Ilene, signed a partnership agreement, naming Saul and Jay as managing partners and requiring that all parties convey their interest in the property to the partnership. Due to a conflict between the parties, Jay did not take an active roll in the management of the property, and neither Jay nor Ilene conveyed their interests in the property to the partnership.

The operation and management of the shopping center was the subject of an ongoing dispute which led to the commencement of numerous actions. However it was Saul's hiring of the plaintiff, the then Victoria Tree, shortly before their marriage, which gave rise to prior consolidated actions commenced by Jay Birnbaum and Ilene Flaum against Saul Birnbaum. The single issue that made its way to the Court of Appeals was that of whether Saul could hire the plaintiff and properly charge her compensation, which amounted to hundreds of thousands of dollars, to the property without the consent of Jay and Ilene (*Birnbaum v Birnbaum*, 73 NY2d 461, 464-465).

In *Birnbaum v Birnbaum (supra)*, the Court noted that both the Supreme Court and this Court declined to characterize the interest of the parties in those actions as partners, joint venturers or tenants in common. However, it was concluded at all of the levels of review, that Saul owed a fiduciary duty to Jay and Ilene to protect their interests in the Cherry Hill shopping center. The Court of Appeals ultimately held that, "Saul's financial transactions with Victoria violated his fiduciary duty to Jay and Ilene" *(supra,* at 465), and reinstated the Supreme Court's judgment (Martin Evans, J.) in which it was first held that Victoria's compensation could not be charged by Saul to the property.

During the pendency of the appeals in the prior action, Victoria Birnbaum commenced the action now before this Court, against Jay, Ilene and Saul individually, and as tenants in common and partners in the shopping center, to recover compensation she alleges she is owed for her work in developing the project. Specifically, plaintiff alleged that the defendants agreed to hire her to develop, lease and manage the

Cherry Hill shopping center. Plaintiff admits, however, that Jay Birnbaum refused to sign a written employment agreement on the grounds that his signature was unnecessary as Saul could sign as managing partner. In fact, no written agreement exits. It was also alleged, however, that all three defendants regularly visited the shopping center and were aware of her activities.

In the prior action it was expressly stated by the Court of Appeals that plaintiff herein, was not a party to that action and that, the issue of whether Victoria was entitled to compensation from Saul personally was then not before the Court. In fact Justice Evans, in his decree in the prior action, disallowed Saul's claims for payment by Cherry Hill for Victoria's services, "without prejudice" to the rights of Victoria Birnbaum to seek compensation for her services.

Subsequent to the Court of Appeals decision in the prior action, defendants in this action, Jay Birnbaum and Ilene Flaum, renewed a prior motion for summary judgment dismissal of Victoria's complaint on the grounds of collateral estoppel. Plaintiff cross-moved for summary judgment striking Jay and Ilene's defenses based on collateral estoppel, and for leave to serve an amended complaint.

Plaintiff's claim is not barred by either collateral estoppel or the doctrine of res judicata. The disallowance of Saul Birnbaum's claim "without prejudice to the rights of Victoria Birnbaum to seek compensation for her services" in the judgment (by Evans, J.) reinstated by the Court of Appeals (see, Birnbaum v Birnbaum, supra), conclusively defeats any preclusion argument advanced by the defendants (Brown v Bullock, 17 AD2d 424; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.11). Victoria participated in the prior action only as a witness. Such participation is an insufficient basis upon which to conclude that the requisite privity existed (Green v Santa Fe Indus., 70 NY2d 244, 253). Moreover, there is no authority for the proposition that such privity can be based upon spousal relationship.

Given the absence of any preclusive effect of the prior proceedings, the IAS court's dismissal of plaintiff's complaint was error. Dismissal of defendants-respondents' affirmative defenses should have been granted.

Defendants-respondents' only surviving argument for dismissal is that the plaintiff's claims fail to state a cause of action. That argument is directed at the claims sounding in quasi contract and does not relate to the breach of contract

and fraud claims. In that regard an issue exists with respect to whether the defendants-respondents received a benefit from Victoria's services which in equity and good conscience they should not be allowed to retain without payment therefor (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388-389).

Plaintiff's motion for leave to amend her complaint to assert a claim of negligent misrepresentation is granted, as there is no surprise or prejudice to the defendants-respondents. The proposed claim is very similar to the fraud claim initially asserted by the plaintiff (CPLR 3025 [b]; *Murray v City of New York,* 43 NY2d 400). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.