■ T.A.T. PROPERTY et al., Respondents, v CONCRETE SEALANTS (U.S.), INC., Appellant.—In an action to recover damages for breach of contract, negligence, and fraud, the defendant appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated June 15, 1990, which denied its motion for partial summary judgment dismissing the fourth and fifth causes of action of the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for partial summary judgment is granted, and the fourth and fifth causes of action of the complaint are dismissed.

The plaintiffs set forth six causes of action alleging, *inter alia*, breach of contract, negligence, and fraud. The fourth cause of action sounded in negligence. However, the plaintiffs failed to allege a legal duty or relationship independent of the defendant's contractual obligations to waterproof the roof of the plaintiffs' building. It is a "well established principle that a breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; see also, *Sommer v Federal Signal Corp.*, 79 NY2d 540; *Hoydal v City of New York*, 154 AD2d 345, 346). The fifth cause of action sounded in fraud. However, a cause of action sounding in fraud is not stated when the only fraud charged relates to the breach of a contract (see, *Affiliated Credit Adjustors v Carlucci & Legum*, 139 AD2d 611; *Kotick v Desai*, 123 AD2d 744). Therefore, the plaintiffs failed to set forth a cause of action based on either negligence or fraud.

In light of the foregoing we need not reach the defendant's

remaining contentions. Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.