■ Cindy Fernandez, Appellant, v Cigna Property and Casualty Insurance Company et al., Respondents.—Mahoney, J. Appeal from an order of the Supreme Court (Ellison, J.), entered September 11, 1991 in Schuyler County, which granted defendants' motion to dismiss the complaint on the ground of documentary evidence.

In this action, plaintiff seeks to recover insurance proceeds for a fire loss. The facts are simple and undisputed. In 1988 plaintiff and her husband, Joseph Fernandez, purchased a broad form homeowner's insurance policy from defendant Cigna Property and Casualty Insurance Company (hereinafter Cigna) through its agent, defendant Lloyd D. Sprague & Sons, Inc. The policy covered their residence in the Town of Campbell, Steuben County. During the coverage period, the resi-

dence was destroyed by fire. Plaintiff and Fernandez timely filed a claim with Cigna and, in conjunction therewith, completed a sworn proof of loss statement denying any knowledge of the cause or origin of the fire and likewise denying any intentional involvement in causing the blaze. Following Cigna's subsequent investigation, which disclosed substantial evidence that the fire was deliberately set by plaintiff, Fernandez or both, it disclaimed coverage. The disclaimer was grounded upon two separate policy clauses: (1) the intentional loss exclusion which excluded coverage for "any loss arising out of any act committed with the intent to cause a loss: by [the insured] or a household member", and (2) the fraud clause which provided, in pertinent part: "We will not provide coverage if you or another *covered person* lied to us or concealed any information from us or engaged in fraudulent conduct, either before or after a loss." Several months after Cigna disclaimed coverage, Fernandez was indicted on arson charges in connection with this incident and ultimately entered an *Alford-Serrano\** plea to the crime of attempted arson in the fourth degree in full satisfaction of the charges.

Following the plea, and when her several demands for payment under the policy were unsuccessful, plaintiff commenced the instant action. Prior to joinder of issue, defendants moved to dismiss the complaint contending that Fernandez's conviction (1) conclusively established that he, a household member or covered individual within the meaning of the policy, intentionally caused the loss thus triggering applicability of the intentional loss exclusion, and (2) conclusively established that he made misrepresentations in the proof of loss statement justifying denial of coverage under the fraud clause. Supreme Court, concluding that the proof submitted, namely the judgment of conviction, precluded recovery under the terms of the policy and that plaintiff could not recover as an innocent coinsured, granted defendants' motion and issued an order dismissing the complaint "with prejudice and on the merits". Plaintiff appeals.

We reverse. While the precise subparagraph of CPLR 3211 (a) relied upon by defendants in pursuing this motion or by Supreme Court in granting the requested relief is unclear, it appears from a reading of the court's decision that its disposition was premised either upon the conclusion that Fernandez's prior conviction operated to collaterally estop plaintiff from relitigating the issue of Fernandez's culpability (CPLR

---

\* *North Carolina v Alford,* 400 US 25; *People v Serrano,* 15 NY2d 304.

3211 [a] [5]) or that the judgment of conviction and plea allocution minutes submitted by defendants in support of their motion provided definitive documentary evidence precluding recovery within the meaning of CPLR 3211 (a) (1). In our view, dismissal cannot properly be premised upon either of these bases. Inasmuch as plaintiff was not a party to Fernandez's prior criminal prosecution and subsequent plea and cannot be said to be in legal privity with him so as to render the judgment conclusively binding upon her in this action under the principles of collateral estoppel, dismissal of the complaint does not lie under CPLR 3211 (a) (5) *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664-665; *Green v Santa Fe Indus.,* 70 NY2d 244; *Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59, 64; *cf., Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495). In this regard we note that defendants' reliance on the Court of Appeals' opinion in *D'Arata v New York Cent. Mut. Fire Ins. Co. (supra)* for the proposition that plaintiff is in privity with Fernandez is misplaced. Therein, the finding of privity was based upon the fact that under the procedural posture of the case (i.e., an action pursuant to Insurance Law § 3420 [b] [1]), there was a subrogor-subrogee relationship between the criminal defendant and the person against whom the criminal conviction was sought to be used. Here, no such relationship exists *(cf., Samhammer v Home Mut. Ins. Co., supra).* Moreover, there is no authority for the proposition that privity can be based solely on the existence of a spousal relationship *(see, Birnbaum v Birnbaum,* 182 AD2d 382). Finally, we note that, unlike *Matter of Slocum v Joseph B.* (183 AD2d 102), plaintiff's rights cannot be said to have been represented in the criminal action so as to justify invocation of collateral estoppel under the principles set forth therein.

Nor do we believe that, under the circumstances, dismissal can properly be grounded upon the documentary evidence provision of CPLR 3211 (a) (1). To succeed on this basis, the documentary evidence that forms the basis of a defendant's defense must be such that it resolves all the factual issues as a matter of law and conclusively and definitively disposes of the plaintiff's claim *(see, e.g., Greenwood Packing Corp. v Associated Tel. Design,* 140 AD2d 303, 305; *Lake Placid Vil. v Lake Placid Main St. Corp.,* 90 AD2d 873). While a duly rendered judgment, standing alone, operates as persuasive or prima facie evidence of the facts which it adjudges or determines, it does not operate as conclusive evidence thereof unless the essential elements necessary to invoke the doctrine

of collateral estoppel are established *(see, Wood v Wood,* 21 AD2d 627, 631; *Wischnie v Dorsch,* 196 Misc 679). Because, as previously noted, the essential elements of collateral estoppel are not met here, the judgment of conviction cannot operate as definitive or conclusive evidence of Fernandez's culpability; at best it operates as persuasive or prima facie evidence thereof, a standard which falls short of that required to dismiss the complaint under CPLR 3211 (a) (1).

However, while plaintiff is permitted an opportunity to contest Fernandez's culpability, if it is ultimately determined that he was responsible, inasmuch as the express and unambiguous language of the policy precludes coverage under the intentional loss or fraud exclusions if plaintiff, another covered person (i.e., Fernandez) or a household member intentionally causes the loss or engages in fraudulent conduct with regard to a claim, plaintiff will not be able to recover under the policy, notwithstanding her status as an innocent coinsured *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 257-259; *cf., Amick v State Farm Fire & Cas. Co.,* 862 F2d 704).

Mercure, Casey and Harvey, JJ., concur.

Levine, J. P. (concurring). The policy of fire insurance on which plaintiff sues was apparently issued jointly to her and her husband, Joseph Fernandez, who owned the covered property as tenants by the entirety. Moreover, as the quoted excerpts from the policy set forth in the majority's decision show, either insured, by committing an act with intent to cause a loss or by making a fraudulent misrepresentation or concealment regarding a loss, had the power to forfeit the other insured's right to recover the proceeds of the policy on a loss. Notably, plaintiff has sued to recover the full value of the entire alleged fire loss. These facts, in my view, distinguish the instant case from *Samhammer v Home Mut. Ins. Co.* (120 AD2d 59), relied upon by the majority for concluding that there was no privity between plaintiff and her husband *(see also, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252).

I would find that privity does exist between plaintiff and her husband at least to the extent that, in the absence of a demonstrated conflict of interest between them, the disposition on the merits of a claim under the policy by one of them would preclude the assertion of the same claim in subsequent litigation by the other (i.e., claim preclusion or res judicata). Privity in this case would arise out of the fiduciary relationship as to the covered property existing between them as tenants by the entirety *(see,* Restatement [Second] of Judg-

ments § 41 [c], comment *b)*, and from their relationship as co-obligees under the contract of insurance *(see, id.,* at § 53).

Plaintiff, however, is not necessarily bound by the prior determination of a factual issue (i.e., issue preclusion or collateral estoppel) against her husband in litigation unrelated to any claim under the contract of insurance *(see, id.,* at § 53, comment *b)*. It would be particularly inequitable to apply collateral estoppel against plaintiff here based upon her husband's conviction on an arson-related offense as a result of an *Alford-Serrano* plea to a drastically reduced charge under a plea agreement providing for a sentence of probation *(cf., Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 268-270). Consequently, I concur in the result.

Ordered that the order is reversed, on the law, with costs, and motion denied.