■ JOEL ADELSTEIN et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant.—In an action to recover property damages and for injunctive relief to alleviate flooding conditions, the plaintiffs appeal from an order of the Supreme Court, Queens County (Nahman, J.), dated August 13, 1990, which denied their motion for further injunctive relief on the ground that further equitable relief was barred by a stipulation of settlement entered into in open court on April 27, 1979.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs are private homeowners whose houses, located in the area of 57th Avenue and Hewlett Street in the Little Neck section of Queens, were occasionally damaged by recurrent flooding due to alleged inadequacies of their local sewer system, coupled with diversion of runoff from an adjoining Nassau County golf course following heavy rains. The plaintiffs commenced the instant action in 1976, following flood damage to their property in August and September 1975, and settled the damages portion of their action by way of a stipulation on the record on April 22, 1977. This stipulation was incorporated into an order dated May 6, 1977, whereby the court retained jurisdiction over the causes of action seeking injunctive relief.

On April 27, 1979, the parties entered into a second stipulation settling the "equity portion of this lawsuit concerning a demand by the plaintiffs for equitable relief in the form of an order or judgment directing the implementation of certain flood remedying conditions". The stipulation provided "[t]hat the plaintiffs will offer no objection to the remedial work proposed by [the Village and the City], namely, the removal of a 12-inch diameter pipe extending across the county line * * * and the redirection of the flow of water that had originally passed through said pipe via an 18-inch diameter pipe to be constructed by [the Village and/or City]". It was further agreed that this consent by the plaintiffs was "without prejudice to any legal rights they may have as a result of subsequent damages as the result of flooding in the event that they are able to establish culpability or fault on the part of any party".

After this stipulation was spread upon the record, the court

remarked "Of course, there is one thing that has not been resolved; that is who will bear the cost, whether it would be solely the Village of Lake Success or whether there would be contribution by the City of New York * * *. That has not been resolved. That has nothing to do with the plaintiffs in this action". The court commented that it was reluctant to set a date for the completion of the agreed-upon work, but that it should "expeditiously proceed". The court noted that it would "retain jurisdiction in the event that the plaintiff or The City of New York feel that they have not met this requirement".

In 1990 the plaintiffs moved for further equitable relief pursuant to the order dated May 6, 1977, and sought a hearing. The court held that such relief was precluded by the stipulation entered into between plaintiffs and the Village and City in 1979. On appeal, the plaintiffs argue that the 1979 stipulation was not intended to settle all of the equitable claims, but was meant as "an initial step in the stage by stage implementation" of various procedures to ameliorate the flooding. We disagree.

"Interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). Stipulations of settlement should be interpreted in the same manner as contracts *(see, Dunleavy v First Am. Tit. Ins. Co.,* 117 AD2d 952, 953). Indeed, "It is well settled that stipulations of settlement are judicially favored, and may not be lightly cast aside", particularly in the case of "open court" stipulations *(Matter of Gruntz v Gruntz,* 168 AD2d 558, 559; *see also, Hallock v State of New York,* 64 NY2d 224, 230). The 1979 stipulation plainly and unambiguously resolved all equitable relief in this action. This Court, in companion cases decided herewith, has addressed subsequent flooding in 1984 and 1987. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.