■ DAVIDSON METALS CORP., Appellant-Respondent, v MARLO DEVELOPMENT COMPANY et al., Respondents-Appellants. [656 NYS2d 673] —In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals, as limited

by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated March 13, 1996, as granted that branch of the defendant's motion which was to dismiss the plaintiff's cause of action to recover damages for fraud and, in effect, denied its cross motion, *inter alia*, to amend the complaint. The defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were (a) to dismiss the plaintiff's causes of action to recover damages for breach of contract and (b) for sanctions.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This action arises out of a written agreement entered into between the plaintiff Davidson Metals Corp. (hereinafter Davidson), and the defendant partnership Marlo Development Company (hereinafter the partnership and the individual defendant partners will be referred to collectively as Marlo), whereby Davidson purchased Marlo's long-term leasehold interest in certain premises at Republic Airport in Farmingdale. Davidson, an aluminum and metal distributor, claimed that when it began moving its inventory into a warehouse/factory building located on the premises, the concrete-slab floor collapsed. Thereafter Davidson commenced this action, *inter alia*, to recover damages for breach of contract and fraud.

On Marlo's motion pursuant to CPLR 3211 (a) (1), the Supreme Court properly dismissed Davidson's cause of action based on fraud, since as Davidson conceded, its claim was not based upon Marlo's violation of a legal duty owed ouside the agreement itself, but was rather based solely upon a warranty contained in Article 48 of the agreement. *(see, T.A.T. Prop. v Concrete Sealants,* 184 AD2d 689; *see also, Joseph v Creek & Pines,* 217 AD2d 534).

In any event, even if Davidson's fraud cause of action was not barred by this fact, this cause of action would still fail, since Article 45 of the agreement provided Davidson with the right of inspection up until the closing and the means to discover the claimed defect, precluding Davidson from establishing justifiable reliance on the warranty *(see, Juliano v McEntee,* 150 AD2d 524, 525; *see also, Levy v Country Lake Homes,* 133 AD2d 70).

The Supreme Court also properly denied that branch of Marlo's motion which was to dismiss Davidson's cause of action to recover damages for breach of contract, since the documentary evidence submitted did not conclusively establish a defense to that claim as a matter of law *(see, Leon v Martinez,* 84 NY2d

83, 88, citing *Heany v Purdy,* 29 NY2d 157; *Juliano v McEntee, supra).* It is not clear from the agreement and the documentary evidence that, as a matter of law, Articles 56 and 57 of the agreement were intended to limit Marlo's total postclosing liability for breach of the warranty in question to $5,000—as distinguished from a $5,000 limitation on a preclosing repair *(see, e.g., Joseph v Creek & Pines, supra; cf., Tantleff v Truscelli,* 110 AD2d 240, 244, *affd* 69 NY2d 769).

The remaining contentions of the parties are without merit. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.