■ Victor J. Zupa et al., Respondents, v Paradise Point Association, Inc., Appellant, et al., Defendant. [863 NYS2d 604]—In an action, inter alia, for a permanent injunction, the defendant Paradise Point Association, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated August 29, 2007, as denied that branch of its cross motion which was for summary judgment dismissing the first and second causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents.

Contrary to the contention of the defendant Paradise Point Association, Inc. (hereinafter the Association), the plaintiffs' first and second causes of action are not barred by the principles of res judicata or collateral estoppel (*see generally Altegra Credit Co. v Tin Chu*, 29 AD3d 718 [2006]; *Sterngass v Soffer*, 27 AD3d 549 [2006]; *see also Fernandez v Cigna Prop. & Cas. Ins. Co.*, 188 AD2d 700 [1992]; *Birnbaum v Birnbaum*, 182 AD2d 382 [1992]).

The Association's remaining contentions are without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 32718(U).]

■ In the Matter of Jermaine Boykin, Petitioner, v Clerk of Supreme Court, Orange County, Respondent. [863 NYS2d 599]— Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, the Clerk of the Supreme Court, Orange County, to provide the petitioner with copies of his pretrial, trial, and sentence transcripts, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

This Court does not have subject matter jurisdiction to entertain this proceeding (*see* CPLR 7804 [b]; 506 [b]). Skelos, J.P., Ritter, Florio and Carni, JJ., concur.