OPINION OF THE COURT
Richard F. Kuhnen, J.
Defendants move separately for orders granting summary judgment or in the alternative dismissing the complaint for failure to state a cause of action.
Plaintiff sues defendant Lumbermens on a policy issued on June 5, 1979, insuring his automobile against liability and collision. He asks for $6,000 to cover physical damage sustained by his automobile on October 6, 1979, in a one-car collision. A second cause of action, against defendant Horkott Insurance Agency, is for the same amount, but based upon the theory that defendant Horkott breached a contract to procure such collision coverage for plaintiff. A third cause of action, also against Horkott, is based on a *578 claim that the agency negligently failed to advise plaintiff “of all the terms and conditions” of the policy issued.
The answers, in addition to denials, set up as an affirmative defense that plaintiff failed to have his motor vehicle inspected in accordance with section 167-d of the Insurance Law and regulations of the New York State Department of Insurance and that as a result of that failure, collision coverage was not in effect on the vehicle at the time of the accident.
Section 167-d of the Insurance Law provides that with respect “to all automobile physical damage insurance policies issued or renewed on and after December first, nineteen hundred seventy-seven * * * 4. A newly issued policy shall not provide coverage for automobile physical damage perils prior to an inspection of the automobile by the insurer.” Provision is made in the statute for issuance of regulations by the Superintendent of Insurance implementing the provisions of the section (including dispensing with and deferring such inspections) and these have been issued (11 NYCRR Part 67). 11 NYCRR 67.4 provides that “an insurer may defer the mandatory inspection for two business days following the effective date of coverage”. It provides also: “The insurer shall, at the time coverage is effected, furnish the insured with an inspection site where the inspection can be conducted during the two-day period. The location of an inspection site or sites shall be furnished immediately to the insured either in person or by telephone. If the. inspection is not conducted by the end of the second business day, automobile physical damage coverage on the automobile shall be suspended at 12:01 a.m. of the day following the second business day, and such suspension shall continue until the inspection is effected.”
It is admitted that at the time plaintiff met with defendant Horkott on May 30,1979, to arrange coverage, plaintiff was told that an inspection was necessary and was given a list of authorized inspection stations, with the nearest designated, annexed to an authorization form which he acknowledged by signing immediately below a statement which read: “the applicant (insured) acknowledges by his/her SIGNATURE TO THIS AUTHORIZATION FOR INSPECTION FORM *579 THAT HE/SHE KNOWS THAT THE VEHICLE TO BE INSURED MUST BE INSPECTED WITHIN TWO BUSINESS DAYS FOLLOWING THE EFFECTIVE DATE OF THIS PHYSICAL DAMAGE COVERAGE AS LISTED IN PART II; SUCH EFFECTIVE DATE TO BE AS PRESCRIBED BY THE RULES OF THE NEW YORK AUTOMOBILE INSURANCE PLAN. FAILURE TO DO SO WILL RESULT IN A SUSPENSION OF THE PHYSICAL DAMAGE COVERAGE LISTED IN PART II AS OF 12 :01 A.M. THE DAY FOLLOWING THE SECOND BUSINESS DAY AFTER THE EFFECTIVE DATE. IN SUCH EVENT SUCH COVERAGE CANNOT AGAIN BE EFFECTIVE UNTIL THE INSPECTION IS COMPLETED. INSPECTIONS ARE NOT TO BE CONDUCTED PRIOR TO THE 30 DAY PERIOD IMMEDIATELY PRECEDING THE EFFECTIVE DATE OF COVERAGE.”
It is admitted also that plaintiff never did have his car inspected as required. His explanation is that he did not understand and was not told by Horkott that the examination required was something different from and in addition to the required annual mechanical safety inspection, which is something he did have done.
On October 2, 1979, four days prior to the accident, defendant Lumbermens mailed to plaintiff a notice informing him its records indicated that the vehicle had not been inspected and that under the law no physical damage coverage applied since June 8, 1979, but would be added from date of any inspection if made. This notice was sent to the address listed on the policy, the same address given on the summons. Plaintiff was absent at the time, but his father immediately contacted John Horkott, who wrote him on October 4, explaining the whole matter to him in detail, mentioning that on receipt of a copy of the October 2 letter from Lumbermens “I tried to call and finally wrote a short note pointing out that since the inspection was not made, the company was suspending the physical damage coverage on your car”. The “short note”, on October 3 was emphatic about the necessity of the inspection if plaintiff wanted coverage. Unfortunately, these letters did not come to plaintiff’s attention before the accident which occurred on October 6.
Plaintiff’s confusion is understandable. The physical damage inspection is a newly adopted requirement adopted *580 effective August 11, 1977 “[bjecause of the serious nature of insurance losses to the companies doing business in this State caused as a result of physical damage claims” (Chirichella v Merchants Mut. Ins. Co., 97 Misc 2d 473, 474). Section 167-d (subd 14, par [a]) of the Insurance Law places a duty upon the Superintendent of Insurance to issue regulations which “require that insurers take appropriate action to ensure that there is wide public dissemination of the provisions of this section relating to the rights and obligations of insureds and insurers”.
The statute and the regulations, as pointed out, impose strict obligations upon the insurer to ensure that the inspection is made. 11 NYCRR 67.5(e) provides that “Written notice of any suspension of automobile physical damage coverage shall be sent promptly to the insured, the producer of record and the lienholder, if any”.
It does not appear from the papers submitted why no notice was given by the insurer here from June 5, 1979 until October 2, 1979 of the suspension of coverage on June 8, 1979 for failure to inspect.
The court denies the motion to dismiss the first and third causes of action and holds that questions are presented for trial on those causes as to whether defendants fulfilled their obligations to advise plaintiff properly and to give him prompt notice of suspension. As stated in Chirichella v Merchants Mut. Ins. Co. (supra, pp 475-476): “It is quite apparent that it also never advised the plaintiff that an inspection was required in order to maintain the physical damage portion of the policy. It is not the duty of the proposed insured, as set forth in the regulations, to inquire about inspection or to do anything about inspection until and unless the insurer makes him aware thereof and furnishes a list of inspection sites.”
Although the insured was here given a list of inspection sites, it is not clear just what he was told about the necessity of the inspection in order to continue physical damage coverage.
That physical damage coverage was in the first instance *581 obtained by defendant Horkott is clear and the second cause of action based on his failure to do so is according dismissed.