■ PAUL VALACHOVIC, JR., Respondent, v LUMBERMEN'S MUTUAL CASUALTY COMPANY et al., Appellants. — Appeals from an order of the Supreme Court at Special Term (Kuhnen, J.), entered November 5, 1980 in Broome County, which, *inter alia,* denied defendants' motions for summary judgment. The action on which the instant motions for summary judgment were predicated was commenced to recover money damages for property damage allegedly sustained to a 1977 Chevrolet Camero automobile owned by plaintiff, pursuant to the collision coverage provisions of a policy of insurance issued by defendant Lumbermen's Mutual Casualty Company on June 5, 1979 and brokered through defendant Horkott. Defendants contend that plaintiff failed to have the automobile in question inspected in accordance with the requirements of section 167-d of the Insurance Law, so that the physical damage portion of the insurance contract was not effective at the time of the accident. Subdivision 4 of section 167-d of the Insurance Law, which is applicable to the instant policy, provides that: "[a] newly issued policy shall not provide coverage for automobile physical damage perils prior to an inspection of the automobile by the insurer." Notwithstanding subdivision 4 of section 167-d, "an insurer may defer the mandatory inspection for two business days following the effective date of coverage" (11 NYCRR 67.4 [c]). If the insurer, as it did here, defers the inspection, 11 NYCRR 67.4 (c) further provides that: "[t]he insurer shall, at the time coverage is effected, furnish the insured with an inspection site where the inspection can be conducted during the two-day period. The location of an

inspection site or sites shall be furnished immediately to the insured either in person or by telephone. If the inspection is not conducted by the end of the second business day, automobile physical damage coverage on the automobile shall be suspended at 12:01 a.m. of the day following the second business day". Plaintiff admits that he never did have the car inspected as required. His explanation is that he did not understand and was not informed that the subject inspection differed from the required annual mechanical safety inspection, which plaintiff had done. Defendants admit that they had an obligation to inform plaintiff that a physical damage inspection was required in order to maintain the physical damage portion of the policy (see *Chirichella v Merchants Mut. Ins. Co.,* 97 Misc 2d 473; 11 NYCRR 67.4, 67.5). We find, as did Special Term, that questions are presented for trial as to whether defendants fulfilled their obligation to make plaintiff aware of the inspection requirement. Further, 11 NYCRR 67.5 (e), at the time in question, provided that: "[w]ritten notice of any suspension of automobile physical damage coverage shall be sent promptly to the insured". This being the case, an issue of fact is also presented as to whether the notice of suspension sent on October 2, 1979, four days before the accident, and made retroactive to June 8, 1979, was promptly sent. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kaney, Casey and Mikoll, JJ., concur. [105 Misc 2d 577.]