OPINION OF THE COURT
Sidney Leviss, J.
This is an action by plaintiffs to recover a sum of money pursuant to an automobile insurance policy. The parties appeared by counsel and the matter was tried by the court without a jury.
From the evidence adduced, it appears that the plaintiff Michael Vertucci had an automobile insurance policy, No. 17DF353286, issued through the defendant Macari Agency, Inc., from the defendant Hartford Accident and Indemnity Company. This comprehensive, collision and liability coverage originally extended from June 21, 1979 to December 21, 1979 and included a 1979 Fleetwood Cadillac, I.D. No. 6B69S99205896.
On September 27, 1979, the plaintiff’s 1979 Fleetwood Cadillac caught fire and was deemed to be a total loss by the defendant Hartford who paid plaintiff for the loss, and in the same month took possession and title of the said vehicle.
*1034 The plaintiff Michael Vertucci contacted the defendant Macari Agency on October 16, 1979 and informed them of the purchase of a 1980 Fleetwood Cadillac, I.D. No. 6B696A9107151, and requested that the same coverage previously provided for the 1979 Cadillac be extended to the replaced 1980 Cadillac. Donna Ornelias, a former employee of the defendant Macari Agency, testified that she issued a New York State insurance identification card (FS-1) necessary to register the vehicle which indicated that the defendant Hartford Accident and Indemnity Company was the insurer. An indorsement request dated October 25, 1979 was introduced into evidence which clearly indicated that Donna Ornelias sent defendant Hartford the following instructions: “Please endorse above policy as follows: Add 1980 Cadillac ID # 6B696A9107151 with 200 ded comp. & collision.”
The defendant Hartford continued to charge premiums for said insurance policy, No. 17DF353286, which was extended from December 12, 1979 to June 21, 1980, and the premiums were paid by the plaintiff. Although as noted above, the defendant Hartford had already taken possession and title to the 1979 Cadillac, the policy continued to list the 1979 instead of the added 1980 Cadillac.
On June 8, 1980, the 1980 Cadillac was totally damaged while parked. The defendant Hartford, on July 14, 1980 took the vehicle title and had the car taken to the Underwriter’s Salvage Yard in College Point, where it still remains. Although in August, 1980 the defendant Hartford made a settlement offer to the plaintiffs, on September 18, 1980 it sent a disclaimer letter for the first time, more than two months after it had taken possession of the subject vehicle.
The plaintiffs are suing herein the defendant insurance company Hartford and the defendant agent Macari for the value of the car.
The defendant Hartford argues that there was no comprehensive or collision coverage on the 1980 Cadillac in question due to the failure of plaintiffs to satisfy the requirements of section 67.3 (c) (1) of the New York State Insurance Regulations (11 NYCRR Part 67), which states as follows:
*1035 “Notwithstanding the provisions of section 67.2 of this Part, an insurer may waive or dispense with an inspection under any of the following circumstances:
“(1) Where a new, unused automobile is purchased from a franchised automobile dealership and the insurer is provided with a copy of the manufacturer’s statement of origin to a motor vehicle, and the bill of sale which contains a full description of such automobile, including all options and accessories. Coverage shall be conditioned upon receipt by the insurer of such documents, and no physical damage loss occurring after the effective date of conditional coverage shall be payable unless the documents are subsequently provided to the insurer. A waiver under this paragraph shall be promptly confirmed in writing by the insurer to the insured and the producer of record.”
Since in the instant matter the subject automobile was new and unused, and no statement of origin and bill of sale were ever given to the defendants, the defendant Hartford contends that the afore-mentioned regulation precludes payment for the claimed physical damage loss.
Under the circumstances of this case, the court rejects this contention. No proof whatsoever was offered to indicate that the defendant insurer exercised the option of waiving or dispensing with an inspection pursuant to section 67.3 (c) (1). There was no testimony by the defendants to reflect any request of the plaintiffs for the manufacturer’s statement of origin and bill of sale. Surely there is no evidence that the plaintiffs were ever informed that these documents were a prerequisite to coverage, and that the plaintiffs intentionally withheld them.
Furthermore, when the waiver option was not exercised pursuant to section 67.3, it would appear that section 67.2 (c) would be applicable: “For new and renewal policies issued on and after December 1, 1977, automobile physical damage coverage on a replacement or additional private passenger automobile shall not be effective until the insurer has inspected the automobile.”
Nevertheless, this court finds section 67.4 (b) to be dispositive: “Notwithstanding subdivision (c) of section 67.2 of this Part, if an insurer is required, pursuant to *1036 policy provisions and section 167-a or 167-aa of the Insurance Law, to provide automobile physical damage coverage on an additional or replacement automobile, the insurer shall provide such coverage immediately upon the insured’s request for coverage and shall defer the mandatory inspection for the five calendar days following the effective date of coverage. The insurer shall, at the time coverage is effected, furnish the insured with an inspection site where the inspection can be conducted during the five-calendar-day period. The location of an inspection site or sites shall be furnished immediately to the insured either in person or by telephone.” (11 NYCRR 67.4 [b].)
Since the obligation to insure additional and/or replacement vehicles during the term of a policy is governed by the provisions of the policy subject to section 167-a of the Insurance Law (see § 167-a, subd [5], which provides that an insurer must continue physical damage coverage for a replacement vehicle when there is no material change in the type of motor vehicle insured, and is applicable here where one Cadillac is replacing another), the inspection deferral provision of section 67.4 (b) should be applied to the instant matter. Both Donna Ornelias, a former employee of defendant Macari, and Susan Bei, an employee of defendant Hartford, testified that plaintiffs were never requested to have the 1980 Cadillac inspected.
This being the situation, section 67.5 (k) should be invoked: “If the automobile is not inspected pursuant to this Part due to the fault of the insurer * * * automobile physical damage coverage on the automobile shall not lapse. The failure of the insurer to act promptly does not relieve it of its obligation to inspect.” (11 NYCRR 67.5 [k].)
As noted in Chirichella v Merchants Mut. Ins. Co. (97 Misc 2d 473, 476): “It is not the duty of the proposed insured, as set forth in the regulations, to inquire about inspection or to do anything about inspection until and unless the insurer makes him aware thereof and furnishes a list of inspection sites.” (Also see Hsia v Allstate Ins. Co., NYLJ, June 18, 1981, p 14, col 5.)
Accordingly, the court finds that plaintiffs’ property damage coverage of their 1980 Cadillac was in full effect on *1037 June 18, 1980, the date when the subject vehicle was totally damaged.
With regard to the amount of the loss, the court has considered evidence presented which demonstrated sufficient expertise as to the fair and reasonable value of the subject vehicle at the time of its accident. The court has further taken into consideration the 7% sales tax and the $200 deductible which attaches to this loss, and grants judgment to the plaintiffs in the sum of $16,587.23 with interest from June 8, 1980.