OPINION OF THE COURT
Harry Edelstein, J.
This action came before the court for a nonjury trial on April 17, 1984. The plaintiff’s complaint alleges the issuance of a collision insurance policy by the Executive Insurance Company, and the failure of that company to pay a collision claim submitted to it due to an alleged failure to have the vehicle photographically inspected. The com *528 plaint also alleges that the George Thompson Agency, Inc., failed to advise the plaintiff of the photo inspection requirement.
During the trial, the court heard testimony from the plaintiff and two employees of defendant George Thompson Agency, Inc. The plaintiff Louise Tiner testified that she purchased a new automobile in July, 1981, was insured by one insurance company and went to the George Thompson Agency on December 5, 1981, to change her insurance company. On December 5, 1981, she met with Florine Doviak, a Thompson employee and signed certain papers in order to obtain collision insurance coverage. She signed an “Acknowledgement of Requirement for Photo Inspection” but says she neither read the form nor looked at the back of the form which listed inspection stations, although Ms. Doviak mentioned that a photograph of the vehicle was needed. Since Ms. Tiner did not have sufficient money to place the insurance on that day, the papers were held by Ms. Doviak until a check was sent on December 14, 1981. Ms. Tiner testified that she received a temporary insurance card by return mail, but that she did not receive a copy of the photo inspection acknowledgement.
Ms. Florine Doviak testified that she was employed as a clerk by the George Thompson Agency in December, 1981. In accepting insurance applications she used sample forms, supplied by the Executive Insurance Company, and phoned the information in to Executive who issued the policies. Ms. Doviak stated that she told Ms. Tiner that the vehicle must be photographed, she showed Ms. Tiner the photo inspection acknowledgement form, and she believed she mailed a copy of the form to Ms. Tiner after a check was received. Ms. Doviak thought she mentioned an inspection site in Haverstraw, although the form listed only a site in Spring Valley, New York.
Mr. George Thompson testified that he remembered Ms. Tiner coming into his agency on December 5, 1981. He heard Ms. Doviak tell Ms. Tiner about the photo inspection requirement and heard her mention a place in Nyack or Haverstraw.
During her direct testimony, Ms. Tiner stated that her automobile was damaged on January 1, 1982, and that *529 there had been no other accidents involving her vehicle between that date and the date she purchased the vehicle. On January 19, 1982, the Executive Insurance Company suspended the plaintiff’s insurance coverage, effective as of December 16, 1981, for failure to comply with the photo inspection requirement. At trial all parties stipulated that there had been $3,500 damage to the vehicle.
The first question to be addressed is the relationship between the two defendants. An employee of the George Thompson Agency, Inc., accepted the plaintiff’s application for insurance, had her sign the photo inspection acknowledgement form, and spoke to her regarding the photo inspection. The Thompson Agency then forwarded the necessary information by telephone to Executive Insurance Company who issued the collision policy. The acknowledgement form was provided by Executive and has Executive’s name imprinted on it. All of the acts of the Thompson Agency were done in furtherance of concluding an insurance agreement for Executive with the plaintiff. Under all the facts of this case, it is clear that the Thompson Agency was an agent of the Executive Insurance Company and its status as an agent was made known to the plaintiff.
Subdivision 4 of section 167-d of the Insurance Law provides that a newly issued policy shall not provide coverage for automobile physical damage perils prior to an inspection of the automobile by the insurer. In December, 1981,11 NYCRR 67.5 allowed deferral of the inspection for two days following the effective date of coverage and required that the insurer advise the insured of the photo inspection requirement in writing.
The Insurance Law and recent court decisions have noted that there is a strict obligation upon an insurer to ensure that an inspection is made. (Valachovic v Lumbermens Mut. Cas. Co., 105 Misc 2d 577, affd 84 AD2d 879.) In Chirichella v Merchants Mut. Ins. Co. (97 Misc 2d 473), the court observed that it is not the duty of the proposed insured to inquire or take action about an inspection until the insurer makes him aware of the need to inspect and provides a list of inspection sites.
It is undisputed that Louise Tiner was shown the front side of the “Acknowledgement of Requirement for Photo *530 Inspection”, that she signed that form on December 5, 1981, and that Ms. Doviak told her that a photo of the vehicle would be needed. As to the location of inspection sites, the defendants’ witnesses stated that Ms. Tiner was told about an inspection site in either Nyack or Haverstraw, New York, while the only county inspection site listed on the back of the form was in Spring Valley. Ms. Tiner testified that she never read the acknowledgement form, did not see the back of the form, and did not receive a copy by mail.
Viewing the evidence in the light most favorable to the defendants, the information given to the plaintiff concerning the inspection sites was at best misleading. While the plaintiff signed the acknowledgement, and may have received a copy of it by mail, the oral information conveyed to her was at odds with the written information she would have seen if she had read the second side of the form. No proof of mailing of a copy of the acknowledgement was produced at trial, and no additional steps, such as phone calls, were taken by either defendant to ensure that an inspection was made after proof of inspection was not promptly received within two days after the effective date of coverage.
This court does not believe that the actions of the two defendants under the circumstances of this case were sufficient to fulfill their “strict obligation” to ensure that an inspection was made. Before the sanction of the suspension of insurance coverage may be imposed, it must be clear that the insurer gave adequate and accurate information to the proposed insured concerning the need for a photo inspection and inspection sites. Ambiguous or contradictory directions to the proposed insured will not suffice. Therefore, the court finds that the defendants did not adequately advise the plaintiff of the need, and sites, for a vehicle photo inspection and that the collision, comprehensive and fire and theft insurance on the plaintiff’s 1981 Ford Escort did not lapse.
Accordingly, the court dismisses all causes of action against the defendant George Thompson Agency, Inc., as it acted as a disclosed agent for the Executive Insurance Company. The plaintiff is awarded judgment against the
*531 Executive Insurance Company in the amount of $3,300 which is the cost of repair of the vehicle minus the $200 deductible, with costs and interest from January 1, 1982.