■ FRED TUCK CONSTRUCTION, INC., Respondent, v EAGLE INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered March 29, 1990, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, unanimously reversed, on the law, the motion denied and the cross motion granted, without costs. The clerk is directed to enter judgment in favor of defendant, dismissing plaintiff's complaint.

On December 4, 1986, defendant insurance company received an application from plaintiff corporation for motor vehicle insurance coverage of two 1986 Toyota pickup trucks used in plaintiff's carpentry business. On December 16, 1986, one of the trucks, designated in the policy of insurance as vehicle No. 1, was stolen. Plaintiff filed a claim for payment on its loss, and defendant responded that the subject vehicle was covered only for liability, physical damage coverage not having been issued because no inspection of the vehicle had ever been conducted. Plaintiff then instituted this action for a declaration that defendant is liable for its loss. Upon its motion for summary judgment, plaintiff urged that it was incumbent upon defendant insurer to apprise him of the need to have the vehicle inspected and to provide a list of inspection sites. Relying on *Tiner v Executive Ins. Co.* (124 Misc 2d 527, *affd* 129 Misc 2d 1089), Supreme Court concluded that failure to fulfill this obligation renders defendant liable to plaintiff for the reasonable value of the vehicle.

We do not agree. Both Insurance Law § 3411 and the regulations promulgated pursuant thereto (11 NYCRR part 67) prohibit the issuance of an automobile insurance policy providing coverage for physical damage to the automobile unless the insurer has conducted an inspection of the vehicle (11 NYCRR 67.2 [a] ). The regulations further provide: "Automobile physical damage coverage shall not be effective on an additional or replacement private passenger automobile until the insurer has inspected the automobile" (11 NYCRR 67.2 [b] ). It is clear from the record before us that the policy issued by defendant includes physical damage protection only for

plaintiff's vehicle No. 2 and does not include physical damage coverage for plaintiff's vehicle No. 1. Therefore, the mandatory inspection requirement does not pertain to vehicle No. 1 unless required by some other provision of the law or regulations.

In this regard, there is no merit to plaintiff's argument, advanced in its moving papers, that defendant is estopped to deny physical damage coverage because it failed to make plaintiff aware of the need to have the vehicle inspected. The coverage section of the application is stamped "Physical damage not binding until inspection". The binder, under a heading which reads "Auto physical damage—unit #2 only" states: "Physical damage coverage will be added upon receipt of favorable inspection—Unit #1". The policy contains a code (No. 7) which designates "covered autos" as those "for which a premium charge is shown". No premium is shown for vehicle No. 1 under the heading "specified perils" which, as provided by endorsement, include theft. In addition, the policy gives explicit notice of the significance of the symbols employed: "The symbols entered next to coverage designate the only autos that are covered autos". Finally, it is not asserted that defendant ever billed or collected a premium for property damage coverage of the subject vehicle (*Bradt v Hancock Mut. Life Ins. Co.,* 98 AD2d 886). Under these circumstances, plaintiff may not claim that it was unaware of the need for an inspection of vehicle No. 1 as a condition of physical damage coverage.

With respect to vehicle No. 1, plaintiff's application for insurance may be regarded as a request for automobile physical damage coverage on an additional vehicle. The regulations (11 NYCRR 67.4) mandate that an insurer provide immediate coverage and defer mandatory inspection for five days if *required* to provide physical damage coverage by Insurance Law § 3425. This statute, however, applies only to policies of insurance covering motor vehicles "predominantly used for non-business purposes, when a natural person is the named insured under the policy of automobile insurance" (Insurance Law § 3425 [a] [1]) and has no application to a commercial policy insuring pickup trucks utilized by a corporation in its carpentry business. In the absence of a prescription that the policy provide immediate coverage against physical damage, the mandatory inspection requirement is not implicated.

The cases relied upon by Supreme Court are distinguishable on this basis. All involve a policy which was issued to include physical damage coverage for the pertinent vehicle or a regu-

latory provision which required such coverage to be immediately provided *(Valachovic v Lumbermen's Mut. Cas. Co.,* 84 AD2d 879; *Tiner v Executive Ins. Co., supra; Vertucci v Papa-Macari Agencies,* 115 Misc 2d 1033). In these cases, therefore, the question is whether the insurer has complied with the standards for suspension of physical damage coverage (11 NYCRR 67.6) in order to avoid liability for a loss sustained prior to inspection of the damaged automobile. Concur—Murphy, P. J., Milonas, Kupferman and Rubin, JJ.