OPINION OF THE COURT
Memorandum.
Order unanimously affirmed with $10 costs.
On December 24, 1992, plaintiff purchased a 1990 Ford Thunderbird Super Coupe automobile for $13,495. One day prior to said purchase, plaintiff obtained physical damage insurance for the vehicle from D-CAP, the defendant’s insurance broker. Plaintiff maintains, and defendant does not rebut, that the brokerage firm was quite busy on December 23, 1992, and the individual salesperson who sold the insurance policy only informed plaintiff to sign each form. The salesperson then informed plaintiff to present the signed insurance forms to the automobile dealership in order to complete the sale of the vehicle.
While plaintiff admits to signing the above-mentioned insurance forms, including an acknowledgment of photo inspection, he never read said forms and was never verbally informed that a photo inspection was mandated within five days or his insurance policy would be suspended. Plaintiff brought the signed forms to the automobile dealership on December 24, 1992, and presented the documents to the dealer. The dealer, in turn, gave an insurance card to plaintiff and informed plaintiff, for the first time, that a photo inspection was necessary. Contained on the card given to plaintiff was a list of inspection sites to obtain a photograph of the vehicle. However, nowhere on the inspection site list was it written that the insurance policy would be suspended if the photo inspection was not conducted within five days.
Plaintiff attempted to obtain a photo inspection on December 28, 1992, from one of the sites listed. However, due to inclement weather, the inspection site refused to conduct the photo inspection. Plaintiff was advised to return on another day to complete the inspection. At no time was plaintiff warned about the five-day time limitation.
On January 4, 1993, plaintiff was again refused a photo inspection due to inclement weather, and told to return on another day. Plaintiff returned to the same inspection site on the morning of January 11, 1993, only to be turned away for *735 inclement weather and because the inspection site was too busy. Plaintiff returned to the inspection site at 4:30 p.m. that day and was told that the individual who performs the photo inspections had left for the day.
On January 21, 1993, plaintiff’s 1990 Ford Thunderbird Super Coupe was stolen while parked on a public street outside of plaintiff’s place of employment. The theft was reported to the police and to the insurance broker, and a claim was made to the latter for the theft. In or about March 1993, plaintiff received a letter dated March 3, 1993, denying his claim for the loss of the vehicle on the ground that the insurance policy was suspended as of December 30, 1992, due to the failure to obtain a photo inspection of the vehicle within the five-day time limitation.
The first notice that plaintiff received that his automobile insurance policy would be suspended for failure to obtain a photo inspection of the vehicle was in a letter dated January 20, 1993, and received after the theft of the vehicle. Defendant does not dispute the fact that it failed to verbally notify plaintiff of the need for a photo inspection within the five-day time limitation. There is also no contradiction in the record before this court that plaintiff attempted on numerous occasions to obtain a photo inspection of the vehicle.
Defendant moved for summary judgment pursuant to CPLR 3212 on the grounds that the subject insurance policy was suspended and that it had no obligation to pay the claim because plaintiff failed to obtain the requisite photo inspection within five days of the policy’s inception. Plaintiff cross-moved for summary judgment on the grounds that defendant, or its agent brokerage firm, never verbally informed plaintiff of the five-day time limitation and that defendant failed to provide plaintiff with an inspection site that could perform the photo inspection within the time period. The court below denied defendant’s motion, but granted plaintiff’s.
On appeal, defendant contends that the court below erred in denying its motion for summary judgment on the grounds that such decision allows plaintiff to avoid his legal obligations simply by asserting that he failed to read the insurance contract. Furthermore, defendant maintains that the lower court’s language in its January 27, 1995 decision granting plaintiff’s motion for summary judgment is inconsistent by stating, "[w]hether defendant fulfilled its obligation to make plaintiff aware of inspection requirement is a question for trial. Valachovic v. Lumbermen’s Mut. Cas. Co., 84 AD2d 879.”
*736 The order of the court below should be affirmed.
Pursuant to the rules and regulations of the Insurance Department (11 NYCRR 67.4 [c][1]), an insurer who provides an insured with an inspection site or sites must advise the insured of the consequences of the failure to obtain timely inspection of the automobile either in person or by telephone. Documentation of such verbal notice including the name of the person giving the notice must be contained in the insurer’s policy record.
Further, 11 NYCRR 67.6 (a), which permits suspension of coverage for the failure to have the vehicle inspected, requires the insurer to inspect the vehicle and reinstate coverage if the insured thereafter requests an inspection.
However, if the automobile is not inspected due to the fault of the insurer, or if the insurer failed to give oral notice as is required by 11 NYCRR 67.4 (c), the physical damage coverage on the vehicle does not lapse (11 NYCRR 67.6 [c]).
It has been held that an insurer must satisfy its "strict obligation” to guarantee that a proper vehicle inspection pursuant to 11 NYCRR 67.4 (c) is made (see, Tiner v Executive Ins. Co., 124 Misc 2d 527, 529, affd 129 Misc 2d 1089 [App Term, 9th & 10th Jud Dists 1985]). Thus, before the imposition of the sanction of suspension of insurance coverage may be imposed, the insurer must make it patently clear to the insured that a photo inspection is mandated within a specific time period to validate the policy. Such notice must include the time frame involved and the sites available for the necessary inspection. It is insufficient that the insurer offer ambiguous and/or hurried instructions to the insured (see, Tiner v Executive Ins. Co., supra; see also, 11 NYCRR 67.4 [c]).
In the case at bar, the record indicates that defendant failed to satisfy its "strict obligation” to inform plaintiff of the urgent need for a photo inspection. Defendant merely asserts that plaintiff had signed the requisite insurance documentation and that this, alone, is sufficient to enforce the provisions for suspension of insurance coverage. The fact that neither defendant insurance company, nor the broker, adequately informed plaintiff of the five-day time limitation in which to obtain a photo inspection, and the penalty for same, justifies the lower court’s order.
Defendant’s contention that the language of the lower court’s order is inconsistent with the granting of plaintiff’s motion for summary judgment is of no consequence. The uncontested facts *737 in the record before this court clearly indicate that plaintiff was given insufficient notice of the stringent time limitations of the photo inspection and the sanctions for failing to obtain same. Thus, there exist no issues of fact which would necessitate a trial. Summary judgment in favor of plaintiff was therefore proper.
Kassoff, P. J., Aronin and Chetta, JJ., concur.