OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*331 Pro se plaintiff commenced this suit seeking the sum of $18,900, which represented the amount of property damage alleged to be sustained as a result of plaintiff’s vehicle being stolen. The subject vehicle was recovered in a "stripped” condition. In lieu of an answer, defendant moved to dismiss the action pursuant to CPLR 3211 (a) (1) and (7), arguing that plaintiff’s failure to obtain a photographic inspection of the subject vehicle rendered the policy void.
Plaintiff had purchased automobile insurance for a 1994 Ford Taurus. Written notice was given to plaintiff that a photo inspection must be had within five days from the inception of the policy. It is uncontested that plaintiff never obtained the photo inspection.
On or about December 23,1995, plaintiff’s vehicle was stolen, and recovered two days later in a "stripped condition.” Defendant denied plaintiff’s claim for damages in writing based upon plaintiff’s failure to obtain a photo inspection of the subject vehicle. Plaintiff thus commenced the instant action seeking the recovery of the damages sustained as a result of the theft and destruction of her vehicle.
In a decision dated July 30, 1996, the court granted defendant’s motion to dismiss the complaint on the ground that plaintiff failed to obtain a photo inspection pursuant to 11 NYCRR 67.2. The court further stated: "Although Plaintiff may have a meritorious reason for not having the car inspected on time, this Court must follow the law as it is written, and grant Defendant’s motion.”
Inexplicably, the Inquest Part of the Civil Court was not advised that the motion to dismiss was pending. Thus, on June 25,1996, pro se plaintiff appeared before the court and a default judgment was ordered. At the inquest, plaintiff was awarded the sum of $11,996.10.
When defendant discovered through service that the default was entered, it moved to vacate the default judgment. The court, in vacating the default, stated that "the confusion arising from these conflicting orders [mandates that] * * * both orders should be vacated.” It is from the latter vacatur, i.e., dismissal of the complaint, that defendant now appeals.
On appeal, defendant argues, inter alia, that "law of the case” and CPLR 2221 mandates reversal of so much of the court’s order which vacated the dismissal of the complaint. Specifically, it is contended that while the court was correct in vacating the default judgment entered by a different Judge, *332 the court was without authority to disturb the order dismissing the complaint as the latter does not fall within the exceptions of CPLR 2221.
CPLR 2221 states in relevant part:
"A motion for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order, unless he is for any reason unable to hear it, except that:
"1. if the order was made upon a default such motion may be made, on notice, to any judge of the court; and
"2. if the order was made without notice such motion may be made, without notice, to the judge who signed it, or, on notice, to any other judge of the court.”
Because of the confusion which existed in the court below, the third Judge to preside over this case was correct in vacating both orders. While the court’s sua sponte vacatur of the dismissal of the complaint is not a specific enumerated exception to CPLR 2221, we are of the opinion that it falls under the "exceptional case” theory (see, Dalrymple v Martin Luther King Community Health Ctr., 127 AD2d 69, 72 [2d Dept 1987]; see also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:l, at 179). The record is devoid of any reasonable explanation as to why a default judgment and award was ordered on June 25, 1996, and then the complaint was dismissed by order of a different Judge on July 30, 1996. Thus, this is clearly an exceptional circumstance which warrants affirmance.
It should also be noted that the order of dismissal may have been made in error, in direct contravention to case law from this court. In Govan v Motor Ins. Corp. (167 Misc 2d 733, 736 [App Term, 2d & 11th Jud Dists]), this court held that "before the imposition of the sanction of suspension of insurance coverage may be imposed, the insurer must make it patently clear to the insured that a photo inspection is mandated within a specific time period to validate the policy. Such notice must include the time frame involved and the sites available for the necessary inspection.”
In the case at bar, defendant’s motion to dismiss in lieu of answer fails to adequately allege that this strict standard of adherence to 11 NYCRR 67.4 was met. Such a determination is best left to the trier of fact, and should not have been summarily decided upon unopposed moving papers.
Scholnick, J. P., Aronin and Patterson, JJ., concur.