[687 NYS2d 457]

ALI SIDDIQUI, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.

Third Department, April 1, 1999

## APPEARANCES OF COUNSEL

*Thaler & Thaler,* Ithaca (*Sharon M. Sulimowicz* of counsel), for Nationwide Mutual Insurance Company, appellant.

*Wiggins & Masson,* Ithaca (*Erin E. McKinely* of counsel), for respondent.

## OPINION OF THE COURT

GRAFFEO, J.

Plaintiff was involved in a motor vehicle accident on November 2, 1996 and commenced this action after his automobile insurer, defendant Nationwide Mutual Insurance Company, declined coverage for the total loss of his vehicle. Plaintiff obtained the insurance policy through defendant M.V. Plaza Insurance Brokerage Inc. after completing the New York Automobile Insurance Plan (hereinafter NYAIP) forms required for "assigned risk pool" insurance coverage. The policy, which included collision coverage, was issued by Nationwide on October 11, 1996 after plaintiff paid a $1,275 deposit toward the $5,079 estimated annual premium. Subsequent to the accident, plaintiff notified Nationwide and filed a claim seeking insurance benefits for the damage to his 1995 Porsche. On November 14, 1996, Nationwide mailed plaintiff a notice which indicated that his collision coverage had been suspended, effective October 16, 1996, for his failure to have his vehicle

inspected for physical damage within five days of the policy's issuance. Thereafter, plaintiff commenced this action for breach of contract against Nationwide and for negligence against M.V. Plaza.

After being served with the complaint, Nationwide moved to dismiss pursuant to CPLR 3211 (a) (1) on the ground that it had a defense founded upon documentary evidence. In support of its motion, Nationwide submitted a document entitled "Acknowledgment of Requirement for Photo Inspection", allegedly signed by plaintiff, to demonstrate that he was aware of the inspection requirement and the consequences of his failure to obtain the inspection. Plaintiff opposed Nationwide's motion claiming that he never received notification regarding the photo inspection requirement and that his signature on the acknowledgment form was a forgery. Plaintiff also moved for permission to serve an amended complaint in order to add causes of action sounding in fraud and breach of contract against both defendants. Supreme Court denied Nationwide's motion and granted plaintiff's motion to amend the complaint. Nationwide now appeals that portion of the order which denied its motion to dismiss the complaint.

■ We reject Nationwide's contention that plaintiff's complaint should have been dismissed pursuant to CPLR 3211 (a) (1). To succeed on such a motion, the documentary evidence upon which defendant's motion is predicated "must be such that it resolves all the factual issues as a matter of law and conclusively and definitively disposes of the plaintiff's claim" (*Fernandez v Cigna Prop. & Cas. Ins. Co.*, 188 AD2d 700, 702; *see, Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754; *Vanderminden v Vanderminden*, 226 AD2d 1037, 1039; *Greenwood Packing Corp. v Associated Tel. Design*, 140 AD2d 303, 305). Our review of the record indicates there are factual disputes as to the notification regarding the vehicle inspection requirement and the authenticity of the insured's signature on the acknowledgment form.

Prior to issuing insurance coverage for physical damage to an automobile, pursuant to Insurance Law § 3411 and the regulations promulgated thereunder, an insurer must inspect the automobile, although an insurer may defer this mandatory inspection with respect to new business for five calendar days following the effective date of coverage (*see*, 11 NYCRR 67.4 [b] [1]). If the inspection is deferred, the insurer must: "immediately confirm physical damage coverage and remind the insured of the inspection requirement on a prescribed confirma-

tion letter or immediately obtain the prescribed acknowledgment signed by the insured (applicant). * * * The insurer shall, at the time coverage is effected, furnish the insured with an inspection site where the inspection can be conducted during the five-calendar-day period" (11 NYCRR 67.4 [c] [1]). If the inspection is not completed prior to the expiration of the five-day deferral period, physical damage coverage shall be suspended until the inspection is completed (*see*, 11 NYCRR 67.6 [a]). However, if the insurer relies upon the photo inspection acknowledgment for compliance with 11 NYCRR 67.4 (c) (1) but fails to obtain the acknowledgment, then physical damage coverage on the vehicle shall not lapse (*see*, 11 NYCRR 67.6 [c]).

In support of its motion, Nationwide submitted the "Acknowledgment of Requirement for Photo Inspection" form and the "Notice of Suspension" with certificate of mailing. Although Nationwide claims it obtained the executed acknowledgment form, plaintiff denied receiving and signing the form and submitted samples of his signature, together with a sworn affidavit claiming that his purported signature on the form was forged. Nationwide has proffered no evidence manifesting that plaintiff was informed of the photo inspection requirement or that the form was delivered or provided to him. Additionally, while Nationwide contends that it attempted to contact plaintiff by telephone to advise him of the collision coverage lapse, there is no indication in the record that plaintiff was reminded of the inspection requirement. Nationwide merely submitted an unsworn letter from NYAIP claiming that it did not issue a deficiency letter to plaintiff since an "Authorization for Inspection" form was received.

Therefore, not only has Nationwide failed to establish that plaintiff received an acknowledgment form, its assertion that NYAIP received an executed acknowledgment is not supported by admissible evidence. Accordingly, a question of fact exists whether Nationwide satisfied its obligation pursuant to 11 NYCRR 67.4 (c) (1) by either obtaining the prescribed acknowledgment signed by the insured or reminding the insured of the inspection requirement in a confirmation letter (*cf.*, *Valachovic v Lumbermen's Mut. Cas. Co.*, 84 AD2d 879; *Govan v Motor Ins. Corp. / CIM Ins.*, 167 Misc 2d 733). Nationwide's claim that it should not be required to comply with the literal meaning of the applicable statutes when issuing assigned risk policies is unavailing. Although Nationwide may have logistical difficulties in complying with photo inspection notification require-

ments, the regulations unambiguously set forth mandatory requirements to be followed by insurers, with no exception for insureds from the NYAIP. Based on the foregoing, the documentary evidence does not definitively dispose of plaintiff's claims and we find no reason to overturn Supreme Court's denial of Nationwide's motion to dismiss.

Next, Nationwide's assertion that Supreme Court erred in failing to convert its motion to dismiss to a motion for summary judgment is without merit. It is well settled that the court, after adequate notice to the parties, may choose to treat a motion to dismiss as one for summary judgment (*see,* CPLR 3212 [e]), although it is not required to do so (*see, SPI Communications v WTZA-TV Assocs. Ltd. Partnership,* 229 AD2d 644, 645). We find no abuse of Supreme Court's considerable discretion in declining to treat the motion as one for summary judgment, especially in light of the fact that Nationwide specifically denoted the motion as one to dismiss, neither party indicated that they sought summary judgment, and the parties' supporting affidavits did not manifest an intent to chart a summary judgment course.

CARDONA, P. J., MIKOLL, YESAWICH JR. and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.