■ CELIA MELLA, Respondent, v STATE FARM INSURANCE COMPANY, Appellant-Respondent, and ANTHONY J. CHILLE,

Respondent-Appellant. [704 NYS2d 302] —In an action, *inter alia*, to recover the proceeds of an insurance policy, the defendants, State Farm Insurance Company and Anthony J. Chille, respectively appeal and cross-appeal from a judgment of the Supreme Court, Queens County (Levine, J.), entered August 25, 1998, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $15,737.07.

Ordered that the judgment is modified by deleting the provision thereof which is in favor of the plaintiff and against the defendant Anthony J. Chille and substituting therefor a provision dismissing the complaint insofar as asserted against that defendant; as so modified the judgment is affirmed, without costs or disbursements.

Inasmuch as the defendant State Farm Insurance Company (hereinafter State Farm) failed to satisfy its "strict obligation" to inform the plaintiff of the mandatory photo inspection requirement and to provide the plaintiff with a list of inspection sites, the automobile physical damage insurance policy did not lapse (Insurance Law § 3411; 11 NYCRR part 67; *see, Siddiqui v Nationwide Mut. Ins. Co.,* 255 AD2d 30; *Govan v Motor Ins. Corp./CIM Ins.,* 167 Misc 2d 733, 736; *Valachovic v Lumbermens Mut. Cas. Co.,* 105 Misc 2d 577, 580, *affd* 84 AD2d 879).

However, the Supreme Court erred in extending that obligation to the defendant Anthony J. Chille, as the statutory duty is imposed solely on the insurance carrier, State Farm (*see,* Insurance Law § 3411; 11 NYCRR part 67). O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.