[724 NYS2d 782]

ALI SIDDIQUI, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.

Third Department, May 3, 2001

## APPEARANCES OF COUNSEL

*Thaler & Thaler*, Ithaca (*Sharon M. Sulimowicz* of counsel), for appellant.

*Wiggins & Masson*, Ithaca (*Erin E. McKinley* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

In October 1996, plaintiff sought to insure his 1995 Porsche 911 Carrera 4 through defendant M.V. Plaza Insurance Brokerage, Inc., a provider of "assigned risk" insurance through the New York Automobile Insurance Plan. Plaintiff made a deposit of $1,275 toward the estimated annual premium of $5,079 and, on October 11, 1996, defendant Nationwide Mutual Insurance Company issued a policy providing plaintiff with liability and collision coverage on the vehicle. On November 2, 1996, the vehicle was involved in a collision, resulting in a total loss. Plaintiff thereafter filed a claim for the collision damage and, on November 14, 1996, Nationwide mailed plaintiff a notice indicating that his collision coverage had been suspended effective October 16, 1996 based upon his failure to have the vehicle inspected for physical damage within five days of the policy's issuance (*see*, Insurance Law § 3411 [d]; 11 NYCRR 67.4 [b] [1]). Nationwide therefore denied coverage for the accident, prompting this action by plaintiff to recover damages for Nationwide's breach of contract and M.V. Plaza's negligence.

Nationwide moved, *inter alia*, to dismiss the complaint upon the ground of a defense founded on documentary evidence, i.e., a document entitled "Acknowledgement of Requirement for Photo Inspection" purportedly signed by plaintiff. Plaintiff opposed the motion, asserting in relevant part that he never received notification regarding the photo inspection requirement and that his signature on the acknowledgment form was a forgery. Supreme Court denied the motion and, on appeal, this Court affirmed, finding that there were "factual disputes as to the notification regarding the vehicle inspection requirement and the authenticity of [plaintiff's] signature on the

acknowledgment form" (255 AD2d 30, 32). We also rejected Nationwide's contention that, because carriers providing "assigned risk pool" insurance coverage have logistical difficulties in complying with photo inspection notification requirements, literal compliance with the governing regulations and statutes should not be required (*id.*, at 33-34). We did not state, however, that no party other than the insurer could perform the required acts.

The parties thereafter proceeded with discovery. At his deposition, plaintiff testified that he purchased the vehicle in Connecticut and was told by the dealership that it would have someone call him regarding insurance. A few days later, an agent from M.V. Plaza telephoned plaintiff, advising him that it had a policy for him. Plaintiff thereafter received a policy in the mail and mailed checks for $1,275 to New York Automobile Insurance Plan and for $100 to M.V. Plaza. Plaintiff received insurance cards at the dealership when he went to pick up his car. Plaintiff never met the M.V. Plaza agent in person and never went to M.V. Plaza's business location. Plaintiff also indicated that he never saw, filled out or signed the New York automobile insurance application, that the signature on the acknowledgment form produced by Nationwide was not his, and that he never saw the acknowledgment form prior to initiating this action and was never told that he needed to get a photo inspection of his car.

In November 1999, plaintiff moved for partial summary judgment against Nationwide based on evidence that Nationwide failed to comply with its obligation to advise him of the photo inspection requirement. Nationwide cross-moved for summary judgment dismissing the complaint against it. At the November 2, 1999 oral argument on the motion, Nationwide presented a purported conformed copy of an affidavit of Alfredo Rivera, the broker from M.V. Plaza who had dealt with plaintiff, offered for the purpose of establishing M.V. Plaza's satisfaction of the 11 NYCRR part 67 notice requirements. According to Nationwide's counsel, the original affidavit, which had been signed by Rivera but had not yet been received, would be filed with the court as soon as it was received. Nationwide subsequently contacted Supreme Court and advised that the affidavit presented at oral argument had not in fact been signed. Subsequently, Nationwide filed with the court a signed affidavit of Rivera that varied somewhat from the one originally presented. Based upon the evidence produced on the motion and cross motion, but not the Rivera affidavit, Supreme Court granted plaintiff partial sum-

mary judgment on the issue of liability on his contract cause of action against Nationwide and granted partial summary judgment in favor of Nationwide dismissing the fraud cause of action against it. Nationwide appeals.

Subsequently, Nationwide moved for renewal and reargument. On the motion for renewal, Nationwide sought to have Supreme Court consider the Rivera affidavit, an opinion of the State Insurance Department regarding its interpretation of 11 NYCRR part 67, and the New York Automobile Insurance Plan's "Plan of Operation," all of which were alleged to constitute "newly discovered evidence." Supreme Court denied the motion for renewal and reargument in its entirety, and Nationwide appeals that order as well.

It should be noted at the outset that Nationwide's main brief fails to address the propriety of Supreme Court's order entered June 21, 2000 denying Nationwide's motion for reargument and renewal, thereby effecting an abandonment of Nationwide's appeal from that order (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692 n 1; *First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901). Nonetheless, despite Supreme Court's denial of the motion for renewal and Nationwide's failure to effectively contest that denial, on the balance of its appeal Nationwide places great reliance upon the material that it sought, and was not permitted, to introduce on the motion to renew, treating it in all respects as if it were properly before us. In our analysis, we shall give no consideration to the "evidence" that was the subject of Nationwide's unsuccessful renewal motion.

Absent the impermissibly introduced material, the sole evidence of any entity's compliance with Insurance Law § 3411 (d) and 11 NYCRR part 67 is the Acknowledgment of Requirement for Photo Inspection form, which was purportedly signed by plaintiff and formed the basis for Nationwide's original motion to dismiss. From Nationwide's perspective, the only progress since our affirmance of Supreme Court's order denying Nationwide's motion to dismiss is in the form of plaintiff's admission, given in response to a notice to admit, that "the signature on the * * * form appears to be his signature; however, as stated during previous discovery, plaintiff denies that he ever actually signed [that] form, and asserts that the signature which appears on the [ ] form was fraudulently placed thereon." Contrary to Nationwide's representation, we do not view this response as an admission by plaintiff that the signature on the form was his. It therefore appears that, as when this matter

was last before us, there exists a material question of fact as to whether plaintiff executed the Acknowledgment of Requirement for Photo Inspection form (see, 255 AD2d 30, 32, supra).

The next question for our consideration is whether that factual issue itself precluded Supreme Court's grant of partial summary judgment in favor of plaintiff. Under Supreme Court's analysis, 11 NYCRR 67.4 (c) (1)* placed the burden on Nationwide, as the insurer, to come forward with competent evidence that it performed each of the following acts: (1) remind the insured of the inspection requirement on a prescribed confirmation letter or immediately obtain the prescribed acknowledgment signed by the insured, (2) at the time coverage is effected, immediately give the insured notice in person or by telephone of an inspection site where the inspection can be performed during the five-calendar-day period, (3) at the time coverage is effected, immediately give the insured notice in person or by telephone of the consequences of the insured's failure to obtain a timely inspection, and (4) maintain documentation in the insured's policy record of the verbal notices required in (2) and (3) above. Supreme Court's analysis also required that each of those acts be performed by Nationwide, as the insurer, and considered the performance of those acts or any of them by M.V. Plaza or any other entity to be simply irrelevant. We disagree with both of Supreme Court's conclusions in that regard.

---

* 11 NYCRR 67.4 (c) (1) provides in pertinent part:

"unless the inspection and the inspection report form are completed immediately upon the request for coverage, an insurer shall either immediately confirm physical damage coverage and remind the insured of the inspection requirement on a prescribed confirmation letter or immediately obtain the prescribed acknowledgment signed by the insured (applicant). * * * The insurer shall, at the time coverage is effected, furnish the insured with an inspection site where the inspection can be conducted during the five-calendar-day period. The location of an inspection site or sites and the consequences of the insured's failure to obtain a timely inspection shall be furnished immediately to the insured either in person or by telephone. Documentation of such verbal notice * * * must be contained in the insured's policy record."

First, there is considerable merit to Nationwide's argument that, because an assigned risk carrier will likely have no knowledge of the issuance of assigned risk coverage within the requisite five-day period, it makes no sense to require the insurer to perform the tasks identified in 11 NYCRR 67.4 (c) (1). Apparently recognizing that fact, 11 NYCRR 67.8 specifically provides that "[t]he [New York Automobile Insurance Plan] shall have the same rights and obligations as an insurer to arrange for and complete inspections required by [Insurance Law § 3411 and 11 NYCRR part 67]. The plan shall forward the completed prescribed AUTOMOBILE INSURANCE INSPECTION REPORT to the designated insurer, which shall accept and be bound by such inspection."

Second, our reading of 11 NYCRR 67.4 (c) (1) and 67.6 (c) is nowhere near as restrictive as Supreme Court's. Clearly, those regulatory provisions mandate that, unless the inspection and inspection form are completed immediately upon the request for coverage, the insured be given prompt notice of the requirement that the vehicle be inspected within five days, advised of the identity and location of the inspection site or sites, and be given notice that failure to obtain the required inspection within the five-day period will result in suspension of the physical damage coverage on the automobile. That is not to say, however, that the insurer is required to come forward with multiple, and duplicative, documentation of its compliance with those requirements. In our view, a proffer of the prescribed acknowledgement signed by the insured constitutes satisfactory evidence of compliance with 11 NYCRR 67.6 (c), and we see nothing to the contrary in our prior decision in this action (255 AD2d 30, *supra*). In this case, Nationwide has submitted the prescribed Acknowledgment of Requirement for Photo Inspection form, containing plaintiff's purported certification that he has been informed that the vehicle being insured for physical damage coverage must be inspected by a representative of the insurer within five calendar days of the effective date of the damage coverage, that he has been provided with the location of the inspection site or sites, and that failure to obtain the required inspection within the time permitted will result in the suspension of the physical damage coverage on the sixth calendar day after the effective date thereof.

For the reasons stated above, we conclude that Supreme Court erred in granting plaintiff partial summary judgment on the issue of liability on his contract cause of action against Nationwide. Based upon the existence of a factual issue as to

whether plaintiff's signature on the Acknowledgment of Requirement for Photo Inspection form is genuine, the motion should have been denied. Nationwide's remaining contentions have either been considered and found to be lacking in merit or need not be considered in view of our determination to reverse Supreme Court's grant of partial summary judgment in favor of plaintiff.

CARDONA, P. J., CARPINELLO, MUGGLIN and ROSE, JJ., concur.

Ordered that the order entered February 14, 2000 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment on the issue of liability on his contract cause of action against defendant Nationwide Mutual Insurance Company; said motion denied; and, as so modified, affirmed.

Ordered that the order entered June 21, 2000 is affirmed, without costs.